SIMEON v. BOARD OF LEVEE COM'RS
OF ORLEANS LEVEE DIST.
AND TWENTY-ONE OTHER CASES

———

(November 18, 1929.  Opinion and Decree.)

———

John B. Perez, St. John Perret, Hy. G.
McMahon, and John H. Holmes, of New

Orleans, attorneys for plaintiffs, appellants.

Monroe & Lemann, Arthur B. Hammond, Jas. G. Schillin and W. Brewer, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. These are a series of suits commonly called "reparations cases." In some of these cases the same points of law are at issue, and for the convenience of the court they have been consolidated into groups for the purpose of decision.

Plaintiffs entered separate suits against the defendant under the provisions of a constitutional amendment embodied in Act No. 2 of the Extra Session of the Louisiana Legislature of September, 1927. The petition in each instance claims loss or damage, first, for trapping, and, second, for loss of revenue, such as labor, fishing, etc., on account of the artificial crevasse caused by the cutting of the Mississippi river levee, by the officials of the state of Louisiana, at Caernarvon, Plaquemines parish, in this state. Plaintiffs also seek to recover attorney's fees for the filing of these suits under the provisions of the constitutional amendment.

The defendant in each case filed an exception of no cause of action against the claims for loss or damage for labor, fishing, etc., and a plea of prescription against the claims for attorney's fees. These exceptions of no cause of action and pleas of prescription were maintained in each case and a judgment duly rendered and signed by the district court. This left only the item of trapping losses still pending before the trial court.

The plaintiffs in each case then sold, transferred, and assigned their trapping claims to one William A. Walsingham, agent, who compromised these claims, and motions were then filed to discontinue the suits in so far as the trapping items were concerned, and judgment was accordingly entered discontinuing the suits as to the trapping claims.

Plaintiffs in each case then appealed the judgments sustaining the exception of no cause of action, and dismissing the labor, fishing, etc., claims, and the pleas of prescription as to attorney's fees. Upon the transcript being filed in this court, in due time, defendant filed motions in each case to dismiss the appeals upon grounds, which are common to the respective groups of cases classified as follows:

Class 1. In the following two cases, to-wit, No. 13240 Patrick Peat, No. 13249 James Purnell, defendant contends the only judgment appealed from was signed more than 30 days prior to the filing of the petition for the appeal, and there is still pending undisposed of, in the lower court, a claim for attorney's fees.

Class 2. In the following five cases, to-wit, No. 13226 Joseph Simeon, No. 13227 James Williams, No. 13228 Tony Fernandez, No. 13229 Vincent Almoso, No. 13230 Manuel Perez, defendant contends the only judgment appealed from was signed more than 30 days prior to the filing of the petition for the appeal. The last judgment disposing of the last issue in the suit was signed within 30 days of the date of the filing of the petition for the appeal, but no appeal was taken from that judgment, and, moreover, the claim disposed of by the court in this last judgment had been assigned by the original plaintiff and present appellant and was dismissed voluntarily on the motion of the assignee.

Class 3. In the following fifteen cases, to-wit, No. 13235 Louis Blaise, No. 13236 Edward Daniel, No. 13237 Louis Encalade,

No. 13238 Jordan Freeman, No. 13239 Bennie Gonzales, No. 13241A Sam Smith, Jr., No. 13241B Steven Steward, No. 13242 Toney Mones (for Mike Mones), No. 13243 Domingo Campo, No. 13244 Jacob Hamilton, No. 13245 Sam Hill, No. 13246 Paul Perez, No. 13247 John Joseph Ruiz, No. 13248 Edwin Richaux, No. 13250 Rufus B. Moran, defendant contends that the judgments appealed from were signed more than 30 days prior to the date of the filing of the petitions for appeals, and the final judgments disposing of the last issue in the cases were also signed more than 30 days prior to the filing of the petitions ·for appeals.

We shall now dispose of these cases in the above order.

Class 1.· In these two cases plaintiffs and appellants agree and concede that, as there is still pending in the lower court a claim for attorney's fees, the judgment sustaining the exception of no cause of action is still interlocutory, as all issues in the case have not been disposed of, and that the appeal is therefore premature. Bossier's Heirs vs. Hollingsworth & Jackson, 117 La. 221, 41 So. 553.

The motion to dismiss the appeal in these two cases is therefore maintained and the appeals dismissed.

Class 2. In these cases the record shows that the judgments sustaining the exceptions of no cause of action and pleas of prescription in three of these cases were signed on May 29, 1929, and in two of them on July 11, 1929. The judgments dismissing the suits in so far as trapping claims are concerned, upon joint motion of the assignee and plaintiffs, were signed on August 1, 1929, and on August 27, 1929, plaintiffs filed· their petitions for appeals from the judgments sustaining the exceptions of no cause of action, and the pleas of prescription on May 29, 1929. Thus, it appears that the appeals were taken within 30 days from the last judgments disposing of the remaining issues in the cases, i. e., trapping claims, but more than 30 days after the judgments sustaining the exceptions of no cause of action and pleas of prescription on May 29, 1929, and July 11, 1929.

It is the contention of the defendant in each case under its motion to dismiss the appeal that, as the judgments from which the plaintiffs have appealed were signed more than 30 days before the appeal was taken, plaintiff's right of appeal was prescribed under the provisions of the constitutional amendment under which the suits were filed.

The relevant part of the constitutional amendment applicable to this controversy reads as follows:

"The suit which either the claimant or the Levee Board may bring to determine the right to and the amount of said compensation shall be filed by or against said Levee Board by petition in the Civil District Court for the Parish of Orleans and shall be tried without intervention of a jury. The judgment of said Civil District Court shall be final unless an appeal be taken within thirty days from the date of the signing of said judgment. * * *" (See Act No. 2 of Ex. Sess. 1927, sec. 4.)

Counsel for the defendant further contends that the appeal by the plaintiffs should have been from the ultimate decision rendered in the case dismissing the remaining issues involved in the cases, and not a direct appeal from the judgments sustaining the exceptions of no cause of action and the pleas of prescription. In support of this contention they cite the case of Bossier's Heirs vs. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555, in

which the court, discussing the right of appeal from an interlocutory judgment, where there were other issues undisposed of, pending in the lower court, said:

"It can be reviewed, on the appeal from the judgment which may ultimately be rendered in the case (provided the plaintiffs take such appeal or answer it, as the case may be); but we do not think that it would conduce to an orderly administration of justice to review it at this time. * * * "

Therefore, says defendant, as the plaintiffs appealed direct from the judgments sustaining the exceptions of no cause of action, and the pleas of prescription, and more than 30 days elapsed between the signing of the judgments and the taking of the appeals, that plaintiffs' right of appeal is prescribed; and that, as plaintiffs have not appealed from the final judgment dismissing the other issues in the case, as plaintiffs should have done and as was suggested in the cited decision, the appeal herein should be dismissed.

Thus it will be seen that defendant seeks to place plaintiffs in a dilemma, where they would be deprived entirely of the right to an appeal. Plaintiffs could not appeal the judgment dismissing the trapping claims, as they consented to it. The jurisprudence is clear that one cannot appeal a judgment acquiesced in by him. It is to be noted, with reference to the first class of cases herein, that the motion of defendant to dismiss the appeal was based upon the ground that, as there were other issues pending in the district court, the direct appeals from the judgments sustaining the pleas of prescription and no cause of action were premature. It is unquestionably the law that there can be no direct appeal from an interlocutory judgment where there are other issues undisposed of pending in the district court.

Hence defendant takes the position that plaintiffs had no direct right of appeal from the interlocutory judgment sustaining the exceptions of no cause of action and pleas of prescription, because there were other issues undisposed of pending in the district court; but when these other issues are finally removed, so that the interlocutory judgment then becomes a final judgment, plaintiffs are then met with a plea of prescription of 30 days, which counsel for defendant contends should date or run from the time of the signing of the judgments sustaining the exceptions of no cause of action and the plea of prescription.

For the law to place a party litigant in such a position would be manifestly unfair and unjust. The fallacy in defendant's contention lies in the fact that defendant assumes that the prescriptive period for taking the appeal would run against the interlocutory decree, from which the plaintiffs could not directly appeal until the other issues in the case are disposed of either amicably or by judgment of court, while these issues were still pending. The case of Bossier's Heirs vs. Hollingsworth et al., relied upon by defendant, shows that the court, in using the language cited, was speaking of a contested case where the remaining issues were disposed of by the ultimate judgment of court that merged all the issues for purposes of appeal, and not a judgment by way of compromise or amicable settlement, because a judgment acquiesced in cannot be appealed. The case does not hold that an appeal from the ultimate decision is the only method by which an interlocutory judgment can be reviewed. It does not hold a direct appeal from an interlocutory judgment cannot be taken where the remaining issues are compromised. The case is therefore not in point.

The identical issues presented here were disposed of by this court in an unreported case which is in point, and as it is short, for convenience and reference, we quote it in its entirety:

"The defendant, appellee here, moves to dismiss this appeal under the following circumstances:

"On October 4th, 1917 plaintiff sued defendant for $1665 alleging that defendant had illegally collected certain rent, to wit, rent for the months of January 1914 to January 1917 both inclusive (say 25 months at $45 per month); same having been paid to defendant by one Henry Capus for the use of certain premises which plaintiff had caused to be seized for debt by the Civil Sheriff, and which were then under seizure as the property of the Succession of Joseph Franck; all of which rent plaintiff claims should have been paid to the sheriff and applied towards the discharge of its writ, upon which there still remains due an amount in excess of the claim herein made.

"Defendant filed a plea of prescription of one year.

"On January 24th 1918 the trial judge maintained the plea of prescription as to all the claim for rents prior to the month of October 1916 and rejected plaintiff's demand as to previous months, limiting plaintiff's claim to the months of October, November and December 1916 and January 1917; and said judgment was signed on January 30th 1918.

"Thereafter defendant answered denying liability for the rent for October, November and December 1916 and January 1917; but he declined to answer as to the rent for the prior months on the ground that by the judgment aforesaid same had been eliminated from the case and was no longer an issue therein.

"There was no further action in the case until January 29th 1919. On that day plaintiff discontinued, waived and abandoned its claim for the months of October, November and December 1916 and January 1917, reserving however its right of appeal from the judgment aforesaid; which had been rendered on January 24th 1918 and signed on January 30th 1918.

"II. The motion to dismiss is based up-on the ground that the judgment was not final; that being interlocutory it needed no signing; and more than one year had elapsed since the rendition thereof when the appeal was taken.

"III. It must be conceded that under the jurisprudence the judgment appealed from was not final when rendered, because it did not then dispose of all the issues in the case. Harris v. Stockett, 35 La. Ann. 387; State ex rel. Pflug v. Judge, 35 La. Ann. 765; Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553.

"But it is only in that respect that the judgment was not final, to wit, because it *then* left other issues still to be decided. Otherwise the judgment had the *form* and *substance* of a final judgment.

"Now it is manifest that the only reason why an appeal is not allowed from a judgment which though final in form and substance as far as it goes, yet does not dispose of all the issues in the case, is the inconvenience of having numerous appeals in the same case as well as the irregularity involved in splitting up a case so as to have some issues already pending on appeal whilst other issues are still pending in the trial court. See Bossier Heirs vs. Hollingsworth & Jackson, 117 La. 221, 226, 41 So. 553.

"But it must be borne in mind that the right to have a preliminary or interlocutory judgment reviewed on appeal at some **time or other** exists unimpaired and is only suspended until such judgment becomes final by being merged into the last judgment, the one which disposes of all the issues involved. Bossier Heirs vs. Hollingsworth & Jackson, 117 La. 221, 41 So. 553.

"Hence where all possibility of the inconvenience and irregularity aforesaid ceases, the rule founded thereon must also cease. Cessante ratione legis, cessat ipsa lex.

"The essential feature of the whole matter seems therefore to be whether or not, when the appeal is taken, the whole case has been finally disposed of in the court below; and it seems to us that it is quite immaterial under the circumstances, whether this be the result of a subsequent judgment, by the court, or be brought about

by the act of the parties or either of them.

"For, turn it and twist it as you will, the fact remains that the case then stands with a judgment which effectively and forever disposes of certain controversies between the parties, and does so adversely to the interests of one of them.

"We are therefore of opinion that where a judgment has the form and substance of a final judgment and is unappealable only because it does not dispose of all the issues in the case, such judgment becomes final and appealable whenever all the other issues are disposed of or eliminated from the case whether by action of the court or the parties.

"We think the judgment appealed from became final and appealable when plaintiff discontinued its demand for the balance of its claim not previously rejected. By that fact the judgment then became the last and only judgment which could be rendered in the case and disposed of all the issues therein. Bossier Heirs vs. Hollingsworth & Jackson, 117 La. 221, 41 So. 553. The appeal was taken in time, having been taken within a year after the judgment was signed. Code Prac. art. 593.

"The motion to dismiss is therefore denied."

Interstate Trust & Banking Co. vs. Gerlando Alfano, No. 7557, Court of Appeal, Parish of Orleans, decided April, 1919. (See So. Rep. Dig.)

The motion to dismiss the appeals in the second class of cases is therefore denied.

Class 3. In these cases the record shows that the judgments sustaining the exception of no cause of action and plea of prescription were signed on June 1, 1929. The judgments dismissing the trapping claims were signed on August 14, 1929, and based on the joint motion of plaintiffs and the assignee of the trapping claims. The appeals by plaintiffs from the judgments sustaining the exceptions of no cause of action and pleas of prescription on June 1, 1929, were filed on September 14, 1929. Counsel for defendant therefore contends that the judgment disposing of the last issue in the case was signed more than 30 days prior to the filing of the petition for the appeal, and under the hereinabove cited portion of the constitutional amendment the right of appeal has been prescribed.

This contention is based upon the fact that the 30 days allowed by the constitutional amendment for the taking of the appeal includes the day upon which judgment is signed and the day upon which the appeal is taken.

Article 318 of the Code of Practice provides:

"In all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included. The exceptions to this rule are specially provided by law."

The jurisprudence of our state is settled that article 318 of the Code of Practice applies to appeals in such a way so as to exclude from the delay provided by law for the taking of the appeal the day on which the judgment is signed, as well as the day on which the appeal is taken.

In the case of Garland vs. Holmes, 12 Rob. 421, the suspensive appeal was taken on the eleventh day after the judgment was signed. The court, after holding that the tenth day was a dies non, and for that reason was not to be included in the 10 days, said:

"The course pursued by the Judge, was moreover justified by article 318 of the same Code" (of Practice).

The following cases are also worthy of note:

"The law and the courts do not favor the dismissing of appeals. Omitting from the count in this case the day the judgment was signed, the intervening Sunday, and the day the bond was filed, it is in time." Tupery vs. Edmondson, 29 La. Ann. 850.

"But we are not without judicial precedents in our present investigation, as we find several decisions of this court which * * * It has been held that in computing these 10 days the day on which the judgment was signed and the day on which the appeal was taken should not be included." State ex rel. Solari vs. T. C. W. Ellis, Judge, 40 La. Ann. 793, 5 So. 63, 64.

See, also, State ex rel. Mercier vs. Judge of the Superior District Court, 29 La. Ann. 223; Rennyson vs. Davis, 6 Orleans App. 251; Daniel vs. Vasquez, 9 Orleans App. 300; State vs. Vicknair, 118 La. 963, 43 So. 635.

It therefore follows that the appeals were taken within the delay allowed by the constitutional amendment of 30 days, because the day upon which the judgment was signed and the day on which the appeal was taken are not counted.

The motion to dismiss the appeals with reference to the third class of cases is also denied.

It is therefore ordered, adjudged, and decreed that, in the following cases, the motions to dismiss the appeals be and they are hereby sustained and the appeals dismissed:

| No. | Title |
| --- | --- |
| 13240. | Patrick Peat vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13249. | James Purnell vs. Board of Levee Commissioners of the Orleans Levee District. |

It is further ordered, adjudged, and decreed that, in the following cases, the motions to dismiss the appeals be and they are hereby denied:

| No. | Title |
| --- | --- |
| 13226. | Joseph Simeon vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13227. | James Williams vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13228. | Tony Fernandez vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13229. | Vincent Almoso vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13230. | Manuel Perez vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13235. | Louis Blaise vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13236. | Edward Daniel vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13237. | Louis Encalade vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13238. | Jordan Freeman vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13239. | Benny Gonzales vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13241A. | Sam Smith, Jr., vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13241B. | Steven Steward vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13242. | Tony Mones (for use and benefit of minor child, Mike Mones) v. Board of Levee Commissioners of the Orleans Levee District. |
| 13243. | Domingo Campo vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13244. | Jacob Hamilton vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13245. | Sam Hill vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13246. | Paul Perez vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13247. | John Joseph Ruiz vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13248. | Edwin Richaux vs. Board of Levee Commissioners of the Orleans Levee District. |
| 13250. | Rufus B. Moran vs. Board of Levee Commissioners of the Orleans Levee District. |