LAND, J.
 

 November 12, 18S9, T. O. Stark purchased, under the provisions of Act No. 82 of 1881, at tas sale in the city, of New Orleans for the unpaid taxes due the state prior to December 31, 1879, a certain tract of land and improvements thereon, situated in the Fourth district of the city of New Orleans, and containing in all, by estimation, 172% arpents.
 

 Section 4 of Act No. 82 of 1884 provides: “That all the sales under this act shall vest in the purchaser an absolute and perfect title to the property conveyed without redemption, and it shall be the duty of any Court having jurisdiction of the value of the property sold to issue an order to the Sheriff, upon presentation of a duly certified copy of the deed, commanding him to forthwith seize the property described in said deed; and after three days’ notice of such seizure, to either the former owner or the occupant of said property, the Sheriff shall put the purchaser into actual possession of the property,
 
 unless enjoined hy a Oourt having jurisdiction of the property,”
 
 etc.
 

 August 6, 1912, I-I. Osborne Stark, administrator of the estate of T. O. Stark, filed a petition in the civil district court for the parish of Orleans, and alleging due compliance with the retpiirements of Act No. 82 of 1884, and that certain portions of the tract of land belonging to the estate of decedent were claimed adversely by parties without' right or title thereto, and who are unknown to petitioner; l>rayed that a writ 'of seizure and possession be directed to issue herein to ’the civil sheriff, commanding him to seize, and, aftei* three days’ notice, “unless restrained from. so doing by proper writ of injunction,” to place petitioner in the full and absolute possession of all the property covered by the tax deed, and to notify all adverse claimants of any portion of the tract of land in Question..
 

 The trial judge signed an order for ‘the issuance of the writ of seizure find possession, as prayed for, and ordered due notice given to all persons holding adversely' any portion of the tract in dispute.
 

 August 12, 1912, the widow of. B. ,li¡ellman filed a petition in this proceeding fn the civil district court, and, under the same number in which she attacked the tax deed of T. O. Stark as null and void upon various grounds, set up title in herself; and prayed that á writ of injunction issue restraining II. Stark, administrator, and Louis Knop, civil sheriff for the parish of Orleans, 'from proceeding with the execution of the writ of seizure and possession ordered herein, and enjoining them from interfering in any manner, with 'the' possession of the widow of B. Pellman Of the property in dispute. ■ • .
 

 
 *327
 
 The widow of B. Bellman further prayed for judgment in her favor perpetuating the injunction herein sought, decreeing the title set forth by II. Osborne Stark, administrator, to be null and void and of no effect, and further decreeing the widow of B. Bellman to be the owner of the property in dispute and entitled to the possession of the same.
 

 August 12, 1912, the trial judge ordered a writ of injunction to issue upon the widow of B. Bellman, furnishing bond in the sum of §250, conditioned as the law requires. On the same day bond for the injunction was duly executed and filed.
 

 On November 10, 1920, H. Osborne Stark, administrator of T. O. Stark, deceased, alleging that he was made
 
 defendant
 
 in the injunction proceedings brought by the widow of B. Bellman, set up against these proceedings the plea of abandonment under the provisions of article 3519 of the Revised Civil Code, as amended by Act No. 107 of 189S, on the ground that no steps had been taken in the prosecution of the injunction proceedings
 
 by the plaintiff,
 
 widow of B. Bellman, within five years, and prayed that his ple'a of abandonment be sustained and the injunction proceedings be declared abandoned and dismissed.
 

 On November 27, 1925, Bernard & Co., Inc., was substituted as a party to this suit in the place and stead of the late Mrs. Anna Bellman, widow of B. Bellman; the property in dispute having been acquired by that company from the children and heirs of decedent.
 

 On March 4,1931, Bernard & Co., Inc., filed a rule herein, suggesting to the court that “the plaintiff, H. Osborne Stark, administrator,” had allowed more than five years to elapse without having taken any steps in the prosecution of this suit, and without having obtained a final judgment herein, and prayed that “the administrator, the plaintiff,” show cause why this suit should not be considered as having been abandoned by him, and why the same should not be dismissed at his costs.
 

 On March 31, 1921, H. Osborne Stark, administrator, filed his answer to the injunction proceedings of the widow of B. Bellman; and on April 20, 1931, judgment was rendered in favor of Bernard & Co., Inc., and against defendant in rule, H. Osborne Stark, administrator, dismissing the suit only in so far as same concerns the property possessed by Mrs. B. Bellman and by Bernard & Co., Inc., as her successor in interest. This judgment was signed April 24, 1931.
 

 Brom this judgment, H. Osborne Starke, administrator, has appealed.
 

 The only question before us is whether the judgment dismissing the suit of H. Osborne Stark, administrator, as abandoned is
 
 correct.
 

 It is provided in article 3519 of the Civil Code, as amended by Act No. 107 of T898, that:
 

 “If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
 

 “Whenever
 
 the plaintiff having made his demand
 
 shall at any time
 
 before obtaining final judgment
 
 allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
 

 
 *329
 
 Counsel for the administrator contends that the widow of B. Fellman is the plaintiff, since 'She instituted the injunction proceedings, and that the administrator is the defendant, as these proceedings were brought against him.
 

 If this is true, the widow of B. Fellman, or her assignee, Bernard & Co., Inc., being plaintiff, could not have had this suit dismissed as abandoned under the article of the Civil Code as amended.
 

 Counsel for»the widow of B. Fellman and her assignee, Bernard
 
 &
 
 Co., Inc., on the other hand, assert that the administrator -is the true plaintiff in this suit, and that the judgment in favor of the defendant is correct and should be affirmed.
 

 The Code of Practice contains the following pertinent articles:
 

 “96. A suit is a real, personal or mixed demand, made before a competent judge, by which the parties pray to obtain their right, and a decision of their disputes.”
 

 “100. The plaintiff is he who sues another for something which he says is due or belongs to him. The defendant is one against whom this suit is brought.”
 

 In Latta v. Wiley (Tex. Civ. App.) 92 S. W. 433, 437, it is said: “The plaintiff in a case is the actor — the one who invokes the aid of the law, and puts its machinery in motion to establish a right or redress a grievance; and upon him necessarily rests the burden of the duty of prosecuting the suit without unnecessary or unreasonable delay. Generally the defendant does not want it px-osecuted, nor is it to his interest that .it should be. His attitude, as the word ‘defendant’ implies, is one of defense. He is only required to stand and repel the assaults of his adversary.”
 

 In Martin v. City of Columbus, 101 Ohio St. 1, 127 N. E. 411, 412; the court said:
 

 “But another test is equally significant. A party plaintiff is the one that initiates the action or proceeding by making its application or filing its petition in a court of competent jurisdiction, to protect some right or secure some remedy against the defendants.
 

 “At the instance of the petitioner service is made, or notice given to the defendants, and they are brought into court, usually against their will.”.
 

 Stark, the administrator, is clearly the plaintiff in this case because he initiated the present proceeding by filing a petition in a court of competent jurisdiction, demanding to be put in possession of the property which he claims by virtue of his tax title, after due notice to adverse claimants alleged to be in possession. Necessarily, the purpose of the three days’ notice, required by section 4 of Act No. 82 of 1884, quoted in the beginning of this opinion, is to enable parties in possession either to surrender same amicably, or to defend their possession by applying for writs of injunction,' a purely defensive remedy expressly granted to adverse claimants by section 4 of the act above cited.
 

 The record before us clearly shows that Stark, administrator, filed this suit in the civil district court for the parish of Orleans August 6, 1912, and took no action therein until March 31, 1921, when answer was filed by him to the injunction proceedings of the widow of B. Fellman, except the filing on November 10,1920, of a plea of abandonment, which was never set down for trial.
 

 
 *331
 
 Before obtaining final judgment in tliis ease, plaintiff, tbe administrator, bas allowed more than five years to elapse without having taken steps in the prosecution thereof. Por this reason, he must he considered as having abandoned the suit, and the same was properly dismissed. Losch v. Greco, 173 La. 223, 136 So. 572.
 

 Plaintiff, the administrator, has alleged in his petition for a writ of seizure and possession that a number of adverse claimants are in possession of the property in dispute and that they are unknown to him. However, the only one of these claimants who has appeared to defend this suit, so far as the record before us discloses, is the widow of B. Bellman and her assignee, Bernard & Co., Inc. Bor this reason, the judgment of the lower court properly restricted the dismissal of the suit, only in so far as same concerns the property possessed by the widow of B. Bellman and by Bernard & Co., Inc., as her successor in interest.
 

 Judgment affirmed.