HIGGINS, Justice.
 

 The motion to dismiss the appeal is predicated on the ground that the appellants have no right to appeal, because the judgment appealed from is interlocutory and cannot cause irreparable injury to them. There are two reasons assigned why the motion should be denied: First, that it was not timely filed and, second, that the judgment is not interlocutory and, if interlocutory, irreparable injury will result therefrom to the appellant pending the disposition of the case on the merits.
 

 The relevant facts in the case are as follows : .
 

 Louis Victor Lapleau, one of the sons of the decedents, whose successions are now in controversy, died in Denver, Colo., on September 15, 1914. He left a nuncupative will by public act, in which he instituted his wife, Charlotte Sullivan Lapleau, appellee herein, his residuary legatee. The only property which he owned at his death was his one-fifth interest in the succession of his mother, Pauline Dancie Lapleau, who predeceased him by 3 years.
 

 After the death of Louis Victor Lapleau, his succession was opened in the civil district court for the parish of Orleans, and a judgment was rendered therein on December 2, 1914, ordering the will to be registered and executed, and appellee herein was confirmed as executrix of her deceased husband’s succession. On June 12, 1935, judgment was rendered putting her in possession of the one-fifth interest which her husband, Louis Victor Lapleau, inherited from his mother. The delay in settling his estate was apparently due to the fact that, at the time Mrs. Pauline Dancie Lapleau died in Acadia parish, in 1911, her
 
 *631
 
 surviving spouse, Philip Lapleau, held the usufruct of the community property. She was survived by five children, including Louis Victor Lapleau, all issue of her marriage with Philip Lapleau. Philip Lapleau, the father, died on September 17, 1934.
 

 Appellee filed a petition in the succession proceedings of Mr. and Mrs. Philip Lapleau, pending in the Fifteenth judicial district court, parish of Acadia, in which she prayed that the judgment rendered by the civil district court for the parish of Orleans, placing her in possession of the one-fifth interest which she inherited under the provisions of her deceased husband’s will, be recognized and that, accordingly, she be placed and put in possession of the aforesaid one-fifth interest.
 

 The four surviving children of Mr. and Mrs. Philip Lapleau filed an answer to this petition, in which they raised the point that their brother, the husband of appellee, Louis Victor Lapleau, was not domiciled in the parish of Orleans at the time of his death and that, therefore, the court there was without jurisdiction of his succession.
 

 By stipulation of counsel, and with the approval of the trial judge, it was agreed that the question of jurisdiction be first disposed of, and, after such disposition, the case be tried on its merits.
 

 After a hearing the trial judge rendered judgment sustaining the jurisdiction of the civil district court for the parish of Orleans of the proceedings in the succession of Louis Victor Lapleau.
 

 The four defendants appealed. -
 

 We shall discuss the issues herein, in inverse order.
 

 An interlocutory judgment is defined in article 538 of the Code of Practice, as follows:
 

 “Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings.”
 

 Article 566 of the Code of Practice provides:
 

 “One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury.”
 

 The question is whether or'not the judgment appealed from is an interlocutory one, and, if such, whether or not it will cause irreparable injury if an appeal is denied.
 

 In the case of Bessinger’s Estate v. Dupre, 1 McGloin, 202, the court held:
 

 “The law does not favor the bringing up of cases by fragments, and, therefore, has provided no appeal from interlocutory decisions, unless they work irreparable injury.”
 

 In the case of Goss v. Turner, 149 La. 327, 89 So. 20, 21, this Court said:
 

 “One of the tests as to whether any particular interlocutory order or decree is one from which an appeal may be taken is to see whether the ruling might come up for review on an appeal from a judgment on the merits of the case. If the party complaining of such a ruling cannot obtain relief by reserving a bill of exceptions and-awaiting judgment on the merits
 
 *633
 
 of the case, he is, as a general rule, entitled to an appeal from the interlocutory order or decree complained of.”
 

 In State ex rel. Pflug v. Judge, 35 La. Ann. 765, the relator applied to this court for a writ of mandamus to compel the trial judge to grant a suspensive appeal from a decree sustaining a motion to strike out a reconventional demand. In denying the writ, the court said:
 

 “The case has not yet been tried, hence the decree complained of is not a final judgment in the case; therefore it is an interlocutory .judgment.
 

 “The right of appeal from such a judgment is recognized in our law when the judgment may cause irreparable injury to the party complaining.
 

 “If the Judge erred in striking out relator’s reconventional demand, his ruling can be reviewed and his error corrected on an appeal from the final judgment, in the same manner as his ruling would be reviewed on appeal, if the plaintiff had adopted the more regular proceeding of objecting to the introduction of any evidence under the plea in reconvention,. and a bill had been taken from a ruling'sustaining the objection.
 

 “The character of the injury caused by an interlocutory judgment, even wlien it is signed by the Judge, must be tested under the following plain rule:
 

 “ ‘If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist.’ Fields v. Gagne, 33 La. Ann. [339] 340.”
 

 In the case of Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555, the court, after quoting the articles of the Code of Practice, said:
 

 “We therefore usually understand by the term ‘final judgment’ that judgment which, disposing of all the issues not- previously disposed of by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts. The judgment now under consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom it was rendered irreparable injury, and, in neither of these respects, is its character affected by the fact that it bears the judge’s signature.
 

 “It can be reviewed, oh the appeal from the judgment which may ultimately be rendered in the case (provided the plaintiffs take such appeal or answer it, as the case may be); but we do not think that it would conduce to an orderly administration of justice to review it at this time.”
 

 The most recent expression of this court on the subject is found in the case of Mann v. Edenborn, 185 La. 154, 168 So. 759, 760, where it is held that: '■
 

 
 *635
 
 “The judgment appealed from is not a final judgment, because it leaves undecided the main demand. Not being decisive of all points in controversy, it would not support a plea of res judicata. This is so because it is a judgment on a preliminary matter in the course of the proceeding."
 

 What irreparable injury can appellants show? Upon a trial on the merits and the rendition of a final judgment deciding the main issues, the appellate court can review the case in its entirety. The judgment sought to be appealed from does not put the appellee in possession of any of the assets of the succession. On the contrary, the appellants are in actual possession and enjoy the use and benefits of the property belonging to the succession. Nor does it pass upon any of the parties’ rights, but merely holds that the proceedings had in the succession of Louis Victor Lapleau in the civil district court for the parish of Orleans, some 22 years ago, were proper proceedings in a court of competent jurisdiction.
 

 An examination of the original and the supplemental petitions filed by appellee shows that the object of her demand is that she be placed in possession of that part of the succession of her late mother-in-law, Mrs. Pauline Dancie Lapleau, inherited by her husband, Louis Victor Lapleau.
 

 The defendants, in their answer, pray that they be put in possession of the entire succession of their deceased father and mother, and, in the alternative, in the event the court finds that “by virtue of a valid last will and testament the plaintiff herein is the residuary or universal legatee of Louis Victor Lapleau,” that the appellee be placed in possession of the portion due their deceased brother, Louis Victor Lapleau, but reduced by one-third.
 

 The judgment rendered in these proceedings is clearly incidental to the main demand. As shown by the defendants’ prayer, this judgment cannot have any effect on the determination of the main demand. It is ancillary and in no way passes upon the merits of the controversy. The record clearly shows that the suit has not terminated, and that final judgment on the main demand has not been rendered. It is well settled in our jurisprudence that the law does not favor a multiplicity of suits and frowns upon the trial of cases in piecemeal. The Legislature has therefore provided that where judgments are not final and do not cause irreparable injury they are not appeal-able. Such incidental judgments and orders may be reviewed by the appellate court after a decision is rendered on the merits, and the entire matter brought before the appellate court.
 

 Having concluded that the appellant was without the right to appeal from the judgment, because it is interlocutory and will not cause irreparable injury pending the trial and disposition of the litigation on the merits, it follows that appellee was not required to file the motion to dismiss within the 3 days allowed an appellee for appearance and answer under article 886 of the Code of Practice. Mutual Life Ins. Co. v. Houchins et al., 52 La.Ann. 1137, 27 So. 657; Gagneaux v. Desonier, 104 La. 648, 649, 29 So. 282; Powell Motor
 
 *637
 
 Company [Power] v. Christina & Bros., 7 La.App. 651; Id., 8 La.App. 174.
 

 For the reasons assigned, the motion to dismiss the appeal is sustained at appellant’s costs.