21 So.2d 764

**CARMODY v. LAND et al.**

No. 37497.

Feb. 19, 1945.

Rehearing Denied March 26, 1945.

Wilkinson, Lewis & Wilkinson, James A. Van Hook, and F. Leonard Hargrove, all of Shreveport, for plaintiff-appellant.

C. J. Bolin and B. F. Roberts, both of Shreveport, for defendants-appellees.

HAWTHORNE, Justice.

One Frank M. Carmody has appealed from a judgment of the First Judicial District Court, in which appeal he contends that the court erred in failing to enjoin defendants from further assertion of claim of ownership to certain property in Caddo Parish and in failing to order the cancellation and erasure of the inscriptions of certain instruments or documents of record in said parish.

The defendants, J. W. Land et al., have answered the appeal, contending that the district court erred in dismissing a reconventional demand filed by them.

The facts are substantially as follows:

Frank M. Carmody brought an action of jactitation on June 1, 1937, alleging that he is the true and lawful owner, and is in actual physical possession, of certain land situated in Caddo Parish, described as Lots 3 and 4, or the South 1/2 of the North 1/2 of fractional Section 32, Township 23 North, Range 16 West.

In his petition plaintiff contends that defendants, J. W. Land et al., are slandering his title to this property by claiming ownership, having caused to be filed for record "a judgment in the Succession of John Henry Land and Missouri Land, No. 70,049 on the docket of this Court, dated October 16, 1936, which purports to send the parties just named, except C. J. Bolin and B. F. Roberts, in possession of the West 13 1/2 acres of fractional Section 32, Township 23 North, Range 16 West, Caddo Parish, Louisiana, which judgment was filed for record in the conveyance records of said Parish on October 16, 1936, and has been recorded in Book 362 page 699 of said records".

Plaintiff further alleges that the defendants are slandering his title by having caused to be filed in the conveyance records seven contracts between the various heirs of John Henry Land and Missouri Land, as parties of the first part, and C. J. Bolin and B. F. Roberts, as parties of the second part, "which said contracts purport to convey to parties of the second part a one-fourth (1/4) interest in the land hereinabove described for services rendered and to be rendered in connection with the recovery of said land for parties of the first part".

Defendants answered on October 1, 1937, converting the suit into a petitory action by alleging that, although plaintiff owns the 80 acres of land which would be the South 1/2 of the Northeast 1/4 of said fractional Section 32, they, the defendants, claim ownership of the remainder of the said South 1/2 of the North 1/2, about 13 1/2 acres, and they set forth their chain of title to the said 13 1/2-acre tract.

This petitory action was never tried, and on October 16, 1942, Carmody, as the defendant in the converted petitory action, moved to dismiss the suit on the grounds that, under Article 3519 of the Revised Civil Code, plaintiffs in the petitory action were considered as having abandoned their demands for lack of prosecution for five years. In the prayer of the motion it is asked "that the petitory action set forth in the reconventional demand filed in this suit be considered as having been abandoned, and that, accordingly, said reconventional demand and the petitory action therein set out be dismissed at the cost of the plaintiffs in the said converted petitory action".

On December 2, 1942, for reasons orally assigned, the motion was sustained, and the reconventional demand filed on October 1, 1937, and the petitory action set up therein were considered as having been abandoned and were ordered dismissed. This judgment was rendered in open court on December 9, 1942, and no appeal was taken therefrom.

Thereafter, on December 22, 1942, Carmody, the plaintiff in the jactitation suit, filed a motion praying "that a judgment be rendered herein in his favor and against the defendants named in his original petition, forever enjoining said defendants, and each of them, from setting up any claims, rights or privileges to, on or against any of the property described in mover's original petition herein and ordering the cancellation and erasure of the inscriptions of the instruments described in Article 3 of mover's said petition, all at the cost of said defendants".

This motion was denied, and plaintiff thereupon applied to this court for writs, which were refused on the ground that relator's remedy was to have the case fixed and to proceed with the trial thereof in the same manner and form as if the rule for judgment had not been taken.

On February 1, 1944, after trial on the merits, a judgment was rendered in favor of the plaintiff Carmody, and against the defendants, Land et al., recognizing plaintiff "to be the possessor of Lots Three (3) and Four (4), or the S 1/2 of N 1/2 of

fractional Section 32, Township 23 North, Range 16 West, Caddo Parish, Louisiana, and ordering the said defendants to file suit within sixty days from the date on which. this judgment becomes final, in revendication of whatever rights they might have in and to the said land". The judgment further ordered that, if such suit was not filed within the time fixed therein, the defendants should be forever barred from setting up any claims, rights, or privileges to, on, or against the property, and that plaintiff should be authorized to cause the clerk of court to cancel and erase the inscription of the recorded instruments complained of.

Plaintiff moved in open court for suspensive and devolutive appeals only in so far as the judgment rendered rejected his demands, which appeals were granted.

On January 11, 1945, J. W. Land et al. filed an answer to the appeal in this court, contending that the judgment of the district court dismissing their reconventional demand should be reversed and set aside, and that said reconventional demand should be reinstated, and, further, that the judgment rendered in open court on February 1, 1944, should be reversed and set aside, and that their reconventional demand or converted petitory action should be ordered reinstated. In the alternative, they contend that the judgment, "if same had any effect, which is denied", should be amended and enlarged so as to reinstate said reconventional demand and permit defendants a reasonable time within which to present evidence and try the issue of title set up by them.

The first question to be decided by this court is whether or not the judgment dismissing the reconventional demand is a definitive or final judgment from which an appeal to this court could have been taken, and, if so, whether said judgment has become final and binding by the failure of defendants to appeal therefrom within the time permitted by law.

Article 539 of the Code of Practice reads as follows:

"Definitive or final judgments are such as decide all the points in controversy, between the parties.

"Definitive judgments are such as have the force of res judicata."

In the case of Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865, 867, this court said:

"A decree rendered in conformity with article 3519, sustaining a plea of abandonment, does not decide any controversy between the parties. It has no effect upon their legal rights or obligations, and serves only to leave them in the same position as if no such suit had been instituted."

In the case of Long v. Chailan, 187 La. 507, 175 So. 42, 49, this court, in discussing the Charbonnet case, had this to say:

"In Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865, it was held that a judgment dismissing a suit on the ground of abandonment, and for a neglect to prosecute the suit for five years, under the provisions of article 3519 of the Revised Civil Code of 1870, as amended by Act No. 107

of 1898, was not a basis for a plea of estoppel or res judicata."

Article 538 of the Code of Practice reads as follows:

"Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings."

Under "Appeals", the Code of Practice provides in Articles 565 and 566:

"Art. 565. One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default.

"Art. 566. One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

In the case of State ex rel. Pflug v. Judge, 35 La.Ann. 765, relator invoked the remedy of mandamus to compel the judge to grant him a suspensive appeal from a decree sustaining a motion to strike out a reconventional demand. In denying the writ the court said:

"The character of the injury caused by an interlocutory judgment, even when it is signed by the Judge, must be tested under the following plain rule: 'If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is

clearly not irreparable, and therefore the right to appeal does not exist.' Fields v. Gagné, 33 La.Ann. 339."

In Feitel v. Feitel, 169 La. 384, 125 So. 280, it was stated that:

"The judgment does not purport to dispose of the entire case, and therefore is not a final judgment. The Code of Practice defines definitive or final judgments as follows: 'Definitive or final judgments are such as decide all the points in controversy between the parties. Definitive judgments are such as have the force of res adjudicata.' Code Prac. art. 539. The judgment in this case is not a final judgment, because it leaves undecided the main demand. Not being decisive of all the points in controversy, it would not support a plea of res adjudicata. This is so because it is an interlocutory judgment. Code Prac. arts. 538 and 539. The fact that the judgment was signed cannot change it from an interlocutory to a final judgment." (Citing State ex rel. Pflug v. Judge, supra; Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553; Trcka v. Bragmans Bluff Lbr. Co., 168 La. 805, 123 So. 332. See also Logan v. Edenborn, 185 La. 158, 168 So. 760; Succession of Dancie, 187 La. 628, 175 So. 418; Reeves v. Barbe, 200 La. 1073, 9 So.2d 426; Simeon v. Board of Levee Commissioners, 12 La. App. 21, 124 So. 853.)

■ It is true that the defendants, by asserting their title and claim to the property involved in this suit in their reconventional demand to the jactitory action filed by plaintiff, converted said proceedings in-

to a petitory action and became the plaintiffs therein. However, defendants assumed this position, under the facts in this case, by the filing of a reconventional demand, and we are of the opinion that the judgment dismissing said reconventional demand, although signed by the judge, is an interlocutory judgment, which did not cause irreparable injury and from which no appeal could have been taken. Hence it is proper for us to consider the validity of that judgment in these proceedings on appeal.

The next question to be decided is whether or not the district judge erred in dismissing defendants' reconventional demand as having been abandoned under the provisions of Article 3519 of the Revised Civil Code. That article reads as follows:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

In Stark v. Fellman, 174 La. 324, 140 So. 491, 493, one T. O. Stark purchased property at a tax sale, and on August 6, 1912, filed a petition alleging compliance with Section 4 of Act 82 of 1884, and prayed for a writ of seizure and possession, which writ the trial judge granted. Defendant, widow of B. Fellman, on August 12, 1912, filed a petition in the proceeding under the same docket number, in which petition she attacked the tax deed of T. O. Stark as null and void on various grounds, and set up title in herself. She prayed that a writ of injunction issue, restraining H. Osborne Stark, administrator of T. O. Stark, deceased, and the civil sheriff from proceeding with the execution of the writ of seizure and possession ordered by the judge, and enjoining them from interfering in any manner with her possession of the property in dispute.

On November 10, 1920, the administrator, alleging that he was made defendant in the injunction proceedings, set up a plea of abandonment under Article 3519 of the Civil Code, on the ground that no steps had been taken within five years in the prosecution of the injunction proceedings by the plaintiff, widow of Fellman, and prayed that his plea of abandonment be sustained and that the injunction proceedings be declared abandoned and ordered dismissed.

Thereafter, on March 4, 1931, Bernard & Co., Inc., which was substituted as a party to the suit in the place of the late Mrs. Fellman, filed a rule stating that the plaintiff administrator, Stark, had allowed more than five years to elapse without having taken any steps in the prosecution of the suit and without having obtained a final judgment therein, and prayed that the administrator, the plaintiff, show cause why the suit should not be considered as having been abandoned by him and why the same should not be dismissed at his costs. Judgment was rendered in favor

of Bernard & Co., Inc., and against Stark, dismissing the suit only in so far as it affected the property possessed by Mrs. B. Fellman and by Bernard & Co., Inc., her successor in interest. This judgment was signed on April 24, 1931. Stark thereupon appealed.

In considering this case, the court said:

"The only question before us is whether the judgment dismissing the suit of H. Osborne Stark, administrator, as abandoned is correct."

Still further in the same opinion the court said:

"The Code of Practice contains the following pertinent articles:

" '96. A suit is a real, personal or mixed demand, made before a competent judge, by which the parties pray to obtain their right, and a decision of their disputes.'

" '100. The plaintiff is he who sues another for something which he says is due or belongs to him. The defendant is one against whom this suit is brought.'

"In Latta v. Wiley, Tex.Civ.App., 92 S. W. 433, 437, it is said: 'The plaintiff in a case is the actor—the one who invokes the aid of the law, and puts its machinery in motion to establish a right or redress a grievance; and upon him necessarily rests the burden of the duty of prosecuting the suit without unnecessary or unreasonable delay. Generally the defendant does not want it prosecuted, nor is it to his interest that it should be. His attitude, as the word "defendant" implies, is one of defense. He is only required to stand and repel the assaults of his adversary.'

"In Martin v. City of Columbus, 101 Ohio St. 1, 127 N.E. 411, 412, the court said:

" 'But another test is equally significant. A party plaintiff is the one that initiates the action or proceeding by making its application or filing its petition in a court of competent jurisdiction, to protect some right or secure some remedy against the defendants.

" 'At the instance of the petitioner service is made, or notice given to the defendants, and they are brought into court, usually against their will.' "

In affirming the judgment of the lower court dismissing the suit of H. Osborne Stark, the administrator, this court held that he was the plaintiff in said proceedings within the meaning of Article 3519 of the Civil Code.

Black's Law Dictionary defines the word "plaintiff" as follows: "A person who brings an action; the party who complains or sues in a personal action and is so named on the record."

Carmody is clearly the plaintiff in this case, because he initiated the present proceedings by filing a petition in a court of competent jurisdiction, praying that J. W. Land et al. be ordered to disclaim any title whatever to the property in question or to assert, within a reasonable time to be fixed by the court, such rights as they might have, and praying further for a judgment in solido against the defendants in the sum

of $5,000 for damages. Or, in other words, Carmody is the party who invoked the aid of the law and put its machinery in motion to establish a right or redress a grievance, and upon him necessarily rested the duty of prosecuting the suit without unnecessary or unreasonable delay. We are of the opinion that the word "plaintiff", as used in Article 3519 of the Civil Code, means the one who invokes the aid of the law and puts its machinery in motion to establish a right or redress a grievance; or, in other words, the one who initiates the action or proceeding by making application or filing petition in a court of competent jurisdiction to protect some right or secure some remedy against the defendant.

Counsel for plaintiff Carmody contend that the district court erred in refusing to enjoin defendants from any further assertion of claim of ownership of the property in dispute and in refusing to order the cancellation and erasure of the inscriptions of the documents described in his petition, basing this contention on the assumption that the judgment or order dismissing defendants' reconventional demand was correct, legal, and binding. But, having concluded that the district court erred in sustaining plaintiff's motion to dismiss the reconventional demand, and having concluded that the dismissal of said demand was error, we find no need or reason for considering the question raised by plaintiff to this effect.

For the reasons above assigned, the judgment appealed from is hereby annulled and set aside; the order or judgment dismissing the reconventional demand is also set aside; the reconventional demand is ordered reinstated, and the case is remanded to the district court to be proceeded with in accordance with the views herein expressed; plaintiff to pay the costs of this appeal, all other costs to await the final decision of the case on the merits.

O'NIELL, C. J., concurs in the decree on the ground only that the plaintiff in an action for slander of title retains the position of plaintiff, in the meaning of article 3519 of the Civil Code, after the defendant has converted the action into a petitory action by claiming ownership of the property.