SMITH, Judge.
Plaintiff, C. E. Boyd, instituted a posses-sory action praying that he be maintained in possession of a tract of immovable property in Caddo Parish described as follows:
Lots Number One Hundred Forty (140), One Hundred Forty-one (141), One Hundred Forty-two (142), and One Hundred Forty-three (143), of the Bell-view Subdivision, a subdivision of the City of Shreveport, Caddo Parish, Louisiana, as per plat of record in the Conveyance Records of Caddo Parish, Louisiana.
Plaintiff alleged that he had possessed Lot 143 since he acquired it in 1951 and that he had possessed Lots 140, 141 and 142 since acquiring it in 1967. He further alleged a civil disturbance of possession by defendant, John C. Bray, who allegedly caused a judgment ordering a partition by licitation affecting at least a part of this property to be recorded in the Conveyance Records of Caddo Parish.
Defendant Bray filed a peremptory exception of no cause of action, based on no allegation of corporeal possession or of civil possession preceded by corporeal possession by plaintiff or his ancestor in title. He also pleaded prescription alleging that the disturbance occurred more than one year previous to plaintiff’s filing of the possessory action.
Plaintiff then filed an amended petition supplying the necessary allegations of corporeal and civil possession of the property as owner for more than a year previous to the filing of his action. Defendant subsequently abandoned the plea of no cause of action.
A hearing was conducted on the plea of prescription. Several documents, including quitclaim deeds filed in the Conveyance Records in 1966, and a notice pending action affecting a portion of the property described in plaintiff’s petition, were introduced into evidence. Defendant Bray testified that there had been no attempt to physically possess any of the property. An extract of the minutes of Court reveal that on February 5, 1975, for reasons assigned, judgment was rendered sustaining the plea of prescription. No formal judgment was signed at that time.
On February 26, 1975, the defendant filed an answer and a plea of res judicata. In his answer defendant admitted the possession of plaintiff as to that portion of the property described in plaintiff’s petition except for the northwesterly 25 feet of that property. As to this 25 foot strip of land, defendant placed title at issue by claiming its ownership. As a basis for the peremptory exception defendant alleged that there had been previous litigation between the same parties, in the same capacities, on the same cause of action, and having the same object as the instant suit once it was converted into a petitory action by defendant’s pleadings. See Bray v. Heirs of Eliza S. Harris, Watson, et al., 286 So. 2d 508 (La.App.2d 1873); writs denied 287 So.2d 189 (1974).
After hearing on the res judicata plea, judgment was rendered sustaining the defense. Judgment was signed on the res ju-dicata plea dismissing plaintiff’s suit on May 14, 1975. Judgment sustaining the plea of prescription and dismissing plaintiff’s suit was signed on June 13, 1975. Plaintiff perfected this appeal.
*459 We note that there are two judgments of dismissal in this case. The first judgment of dismissal to be signed was that based on the plea of res judicata. LSA-C.C.P. art. 1911 requires that with certain exceptions not applicable here, all final judgments shall be signed by the judge. A judgment based on either the plea of prescription or the plea of res judi-cata is a final judgment disposing of the-case; therefore, it must be signed to be effective. Although judgment was rendered orally on the prescription plea, that judgment was not signed until after judgment on the plea of res judicata was rendered and signed:
LSA-C.C.P. art. 1951 provides:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.”
Changing the basis for the dismissal of the case is changing the substance of the judgment. For that reason, the second judgment signed in this case must be considered an attempt to make an impermissible amendment to the judgment signed on May 14, 1975. Therefore, the only valid judgment before this court on appeal is that rendered on May 14, 1975, sustaining the plea of res judicata and dismissing Boyd’s suit.
Examination of the record reveals that the trial court was in error in sustaining the plea of res judicata filed by Bray. As noted above, Bray’s answer to plaintiff’s petition admitted that Boyd had possession of the property except for a certain part along the northwestern boundary of the subject tract. As to the latter parcel, Bray alleged that he was the owner of it while denying that Boyd had possession. The effect of such an answer is to convert the suit into a petitory action and confess the possession of the plaintiff in the pos-sessory action. LSA-C.C.P. arts. 3651, 3657.
Once a defendant in a possessory action has converted the lawsuit into a pet-itory action, he becomes the plaintiff and the original plaintiff becomes the defendant. See Allison v. Maroun, 193 La. 286, 190 So. 408 (1939); Carmody v. Land, 207 La. 625, 21 So.2d 764 (1945). After the conversion of the suit from a possessory action to a petitory action, Bray must be considered the plaintiff and Boyd the defendant.
At the time of his answer, Bray filed a peremptory exception of res, judicata. LSA-C.C.P. art. 921 defines exception:
“An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him.” (emphasis supplied)
Bray was attempting to plead a judgment rendered in his favor recognizing him as owner of an undivided 22%3fi interest in a tract of land, part of which may be involved in the present litigation, as a bar to Boyd’s possessory action. The posses-sory action had been abated by, and the petitory action instituted by, Bray when he asserted ownership in the disputed tract. He cannot be allowed to end his own litigation by pleading the exception of res judi-cata. He was no longer in the position to present defenses, for he was no longer the defendant.
Under the circumstances of this case as postured at the time of the exception, it was error for the trial court to sustain the exception and dismiss the case.
For the foregoing reasons the judgment of the lower court is reversed and the case is remanded for further proceedings in ac *460 cordance with law and the views expressed herein. All costs of this appeal are to be paid by appellee. Assessment of costs in the lower court are to await final determination of the case.