577 So.2d 180 (1991)
Willis L. BARBER
v.
Prentis BOZEMAN and his Insurer ABC Insurance Company.
No. CA 89 1931.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
Wayne H. Carlton, Jr., New Orleans, for plaintiff-appellant.
Iddo Pitman, Jr., Hammond, for defendant.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.
GONZALES, Judge.
The issue to be decided by this Court is whether a Petition of Intervention and an Answer to the Petition of Intervention are to be considered steps in the prosecution or defense of an action for purposes of La.C.C.P. art. 561.
Plaintiff, Willis L. Barber, was injured on February 18, 1981, while driving on U.S. 190 in Livingston Parish. A cow owned by defendant, Prentis L. Bozeman, stepped onto the highway and Barber's car struck the cow and slid off the highway.
A petition for damages was filed on February 18, 1982, and an answer was filed by defendant on May 26, 1982.
On July 11, 1983, a petition for intervention was filed by Hanover Insurance Company seeking to recover worker's compensation benefits and medical expenses paid to Barber for his injuries. An answer to the intervention was filed by defendant on July 15, 1983.
On April 22, 1985, Wayne H. Carlton, Jr. filed a motion to enroll as counsel of record on behalf of Barber and on June 11, 1987, a motion to set for trial was filed by plaintiff's counsel.
On February 27, 1989, a second motion to set for trial was filed on Barber's behalf. A Pre-Trial Status Conference was held on April 7, 1989, and the matter assigned for trial on August 21, 1989.
On May 16, 1989, defendant filed a motion to have the suit declared abandoned. The Honorable Robert H. Morrison, III, 21st Judicial District Court, rendered judgment declaring the suit abandoned and dismissed the suit.
Thereafter, Willis Barber brought this appeal before the Court of Appeal, First Circuit.
The Louisiana Supreme Court has already found that a motion to enroll as counsel merely grants counsel the right to take steps in the prosecution of the client's case, but does not in itself constitute a step in the suit. Chevron Oil Co. v. Triangle, 436 So.2d 530 (La.1983). Therefore, the critical dates are the date answer was filed by defendant, May 26, 1982, and the date a *181 motion to set for trial was filed on behalf of plaintiff, June 11, 1987. More than five years passed between those dates wherein the only formal action of record was the filing of the petition for intervention on July 11, 1983, and the answer to the intervention filed by defendants on July 15, 1983.
If either the petition for intervention or the answer to petition for intervention, or both, constitute a step in the prosecution or defense of an action, then the dismissal of suit by the trial court was improper.
The trial judge in the case sub judice found that the intervention was not a step in the prosecution or defense of the case on the basis that:
In the case at bar the intervention was merely a conservatory measure taken by a third party, the worker's compensation carrier. The intervention did not assert liability on the part of the defendants, but merely contended that if plaintiff recovered on the main demand, the worker's compensation insurance carrier was entitled to reimbursement of benefits and expenses paid under the worker's compensation claim. Obviously, this intervention did not assert either a concurrent or independent claim of liability as against the defendants in this suit. Perhaps, an intervention could be considered in a different light if, for instance, an intervention by a collision carrier had been asserted against the defendants for property damage already paid, in which case the collision carrier would have had an independent grounds [sic] of direct liability as against these defendants....."
The trial judge did not address the answer to the petition of intervention. Louisiana Code of Civil Procedure Article 561 provides that:
A. An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding....
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal....
The source of La.C.C.P. art. 561 is La. C.C. art. 3519, which was amended by Acts 1960, Number 30, Section 1 to remove all procedural rules from the Civil Code. Article 3519 was transferred to Article 561 of the Louisiana Code of Civil Procedure.
Louisiana Civil Code article 3519 originally consisted of one paragraph which read:
If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption [of prescription] shall be considered as having never happened.
By Act of 1898 the second paragraph was added:
Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
Two changes were made by Article 561. First, the rules relating to abandonment of actions were made applicable to cases pending on appeal. Second, largely to cover the area previously served by waiver, abandonment now required a failure, for a period of five years, to take any step in the "prosecution or defense" of a case, (emphasis added)
It is well accepted under the jurisprudence that "a step in the prosecution or defense" of a suit requires something more than a passive effort to keep a suit on the docket of the court, and requires a formal move or action before the court intended to hasten judgment, Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731 (1927); Gros v. Houma Medical and Surgical Clinic, 343 So.2d 1115 (La.App. 1st Cir.), writ refused, 345 So.2d 504 (La.1977).
According to the Official Revision Comments (b) to La.C.C.P. art. 561, entitled "Abandonment of Action",
Under the decision in Carmody v. Land, 207 La. 625, 21 So.2d 764 (1945), it *182 was held that Art. 3519(2) of the Civil Code is applicable only to principal demands, and does not apply to reconventional demands. The word "action" is used in this article instead of "demand" in order to make it applicable to the principal as well as to the incidental actions. (emphasis added)
This article treats the action as abandoned only if five years has elapsed without any steps being taken by any of the parties in the prosecution or defense thereof, (emphasis original to the comment) This change was made to provide for the case where the defendant has taken some step in the defense of the action, but subsequently moves to have the action declared abandoned because the plaintiff has failed to take any step in the prosecution thereof for five years.
Our brethren at the Third Circuit Court of Appeal considered the issue before us now in Home Indemnity Company v. Central La. Electric Co., 384 So.2d 455 (La. App. 3d Cir.), writ denied, 392 So.2d 664 (La.1980). They found that the filing of an intervention by a third party seeking indemnity from an electric company constituted a step in the defense or prosecution of an action by the insurer and prevented dismissal of the insurer's action for lack of prosecution for five years under La.C.C.P. art. 561. The Louisiana Supreme Court denied writs at 392 So.2d 664.
Pursuant to Moody v. Arabie, 498 So.2d 1081, 1085 (La.1986),
"[W]hen an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person." (emphasis added)
The employer (or his insurer) and worker, or both, have the right to sue the tortfeasor, and each has the right to intervene (per La.C.C.P. art. 1091) in a suit filed by the other. La.R.S. 23:1101.
Thus, a step taken by either the employer (or his insurer) or the worker (since both are co-owners) is a step in the prosecution of the action pursuant to La.C.C.P. art. 561. When the employer's insurer intervened herein on July 11, 1983, this step interrupted the five year abandonment period.
The motion to set for trial, filed on June 11, 1987, was timely.
Because the intervention itself has been determined a step in the defense or prosecution of a suit so as to constitute an interruption of the five year's abandonment necessary for dismissal under La.C.C.P. art. 561, it follows a fortiori that the answer to the intervention by the defendant, which reasserted its basic defense, also constituted a step in the prosecution or defense of the action.
For the foregoing reasons, the decision of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. All costs of the appeal to be borne by the appellee herein.
REVERSED AND REMANDED.