No. 8886.

THE STATE OF LOUISIANA EX REL. G. PFLUG VS. THE JUDGE OF DIVISION E, CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

A judgment not final in its nature and character cannot be made final by the mere fact of its being signed by the Judge.

An interlocutory judgment which does not cause irreparable injury is not appealable. The ruling in Harris vs. Stockett, 35 An. reaffirmed.

APPLICATION for a Mandamus.

*Albert Voorhies, Alfred Shaw* and *R. J. Harris* for the Relator.

*H. L. Lazarus,* Judge, Respondent *in pro. per.,* and *J. D. Séguin* for Defendant.

The opinion of the Court was delivered by

POCHÉ, J. Relator invokes the remedy of mandamus to compel the respondent Judge to grant him a suspensive appeal from a decree sustaining a motion to strike out a reconventional demand presented in his answer to a suit in which he was the defendant.

The case has not yet been tried, hence the decree complained of is

not a final judgment in the case; therefore it is an interlocutory judgment.

The right of appeal from such a judgment is recognized in our law when the judgment may cause irreparable injury to the party complaining.

If the Judge erred in striking out relator's reconventional demand, his ruling can be reviewed and his error corrected on an appeal from the final judgment, in the same manner as his ruling would be reviewed on appeal, if the plaintiff had adopted the more regular proceeding of objecting to the introduction of any evidence under the plea in reconvention, and a bill had been taken from a ruling sustaining the objection.

. The character of the injury caused by an interlocutory judgment, even when it is signed by the Judge, must be tested under the following plain rule: "If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist." Fields vs. Gagné, 33 An. 340.

In the case of Harris vs. Stockett, recently decided by us, and not yet reported (35 An.) we applied this rule to a state of pleadings strikingly similar, with the exception that the interlocutory judgment in that case had not been signed by the Judge. While it is elementary in our practice that a judgment, not signed by the Judge, is not a final judgment, it is equally true that a judgment not final in its character cannot be made final by the signature of the Judge.

Relator invokes our recent decision in the case of State ex rel. Ikerd vs. Judge, etc., not yet reported, as directly in point and decisive of the remedy which he seeks. But he is mistaken. In that case the judgment appealed from had partly sustained an exception, and had dismissed part of the petition and prayer. Under such a ruling, plaintiff's suit had been completely emasculated, and the relator is materially differenced from the present case.

The case last quoted by us is absolutely decisive of the question herein presented, and hence we conclude that relator is not entitled to a writ of mandamus.

The writ applied for is, therefore, denied at relator's costs.

---

## DISSENTING OPINION.

BERMUDEZ, C. J. The judgment complained of is, to all intents and purposes, a *final* judgment. It is not one of dismissal or of non-suit,

which can cause no irreparable injury. It is based on an irregular proceeding, 3 R. 641, a *rule* to strike out certain parts of the reconventional demand. It rests on the main allegation of that rule, which sets up *res judicata*, and it can itself become *res judicata*, as it determines an issue. Unless appealed from within the time fixed by law, it would be impossible for this Court to afford relief to the relator, and this inability may entail an irreparable injury. 6 L. 427; 15 L. 521. It is signed as final judgments are required to be.

This Court has lately held, that an appeal lies from a judgment striking out part of the allegations and prayer of a petition, although such judgment was merely one of dismissal. State on relation of Ikerd vs. Delauney, No. 8724.

The correctness of the ruling of the District Judge is not before us presently, and cannot be inquired into. The very object of the appeal sought is to have that correctness tested in a proper form.

The relator is entitled to try his reconventional demand in conjunction with plaintiff's demand. A severance might defeat his rights, and thus inflict irreparable injury.

If the effect of the judgment complained of cannot be arrested, the consequence would be, that the trial of the case would proceed below on the record, mutilated as it is, and the defendant could not recover on the allegation stricken out. In the event of a judgment for plaintiff, he could not practically satisfy it by a recovery on his claim, if founded in reality. Were the judgment complained of reversed, the case would necessarily have to be remanded for a new trial, if not of its entire merits, at least, of those portions which were expunged from the reconventional demand.

To all appearances the reconventional demand is intimately connected with the main action, from which it is alleged to grow. If so, there is no reason why it should not be passed upon simultaneously. 31 An. 170.

The appeal asked can wrong no one. Its effect would be to leave matters in the condition in which they stood before the judgment striking out was rendered; a different appeal would not serve the purpose efficiently.

The argument is unsound, that the judgment is equivalent only to a ruling in the course of the trial, rejecting evidence on objection of the plea of *res judicata*. Such a ruling would not be an interlocutory judgment, still less a final judgment. It could cause no irreparable injury. It would not impress itself on the record. To leave any trace, it would have to be incorporated into a bill of exception.

The ruling in the case of Harris vs. Stockett, upon which the opinion of the majority rests, lacks similarity in material respects.

The Court there dismissed an appeal taken from a decree eliminating averments from a reconventional demand, for want of proper parties. The Court said properly, that if it was an interlocutory decree, it could cause no irreparable injury, and if it was not such, but a final judgment, it was unsigned.

In either case it could not be appealed from. It was truly so. The decree could cause no injury, because it passed on no issue of merit, susceptible of becoming *res judicata*.

The decision in that case rests on the ruling in Fields vs. Gagné, 33 An. 340, which is a mere repetition of the doctrine as previously announced, and which is to the effect, that where an interlocutory decree is of such a nature as to be covered by an appeal from the final judgment, and if the appellate court can restore the parties without the loss of any right to the identical position occupied before the decree was rendered, the injury is not irreparable, and the right of appeal does not lie.

So that, as concerns interlocutory decrees, it is settled that no appeal lies when two conditions concur: 1st, that the decree can be covered by the appeal on the merits; and 2d, that the appellate court can reinstate the *status in quo*.

The judgment, from which an appeal is sought, is not an interlocutory decree. It is a final judgment, signed and treated as such, as final judgments are signed. Even if it were an interlocutory decree, it is not susceptible of being covered by an appeal from the judgment on the merits, and the Court could not restore the *status in quo*, because the judgment became *res judicata*.

This Court has lately held in a majority opinion, (Turley vs. Dreyfus) that a mere decree, overruling an exception of no cause of action, was a judgment constituting *res judicata*, which had so passed beyond reach that by its judgment on the merits it could not revise it.

The indisputable principle is, that all judgments can be appealed *suspensively* in appealable cases, whether interlocutory or final; the former whenever susceptible of causing an irreparable injury, the latter without qualification.

The exceptional cases in which final judgments cannot be suspended are enumerated.

The judgment complained of has the substance and form of a formal judgment and is not embraced within the excepted class.

I think that the relator is entitled to the relief sought.