he must show by evidence what it is. Hutchinson v. Jamison, 38 La. Ann. 150.

Defendant was not a squatter on government land, but purchased from parties who had been in possession under title for many years. His title is good by prescription, except as against the sovereign.

The amount awarded for improvements is a big discount on the estimates of the only witnesses who undertook to place a value on all of the improvements. We see no good reason to disturb the finding of the trial judge on this question of fact.

Whether the defendant purchased the improvements or erected them cuts no figure, as the law will not permit plaintiff in the petitory action to enrich himself at the expense of a possessor in good faith.

The warrantors did not perfect their appeal, nor have they answered, praying for an amendment of the judgment on the call in warranty.

Hence the decree against them cannot be disturbed. Garland's Notes Code Prac. arts. 888, 889.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, defendant and appellant to pay costs of appeal.

---

(41 South. 553.)

No. 15,983.

BOSSIER'S HEIRS v. HOLLINGS-WORTH & JACKSON.

(June 18, 1906.)

1. APPEAL—FINAL JUDGMENT.

Considered with reference to the right of appeal, a final judgment is one which decides "all the points in controversy between the parties," and which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment rendered in the case.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 426–443.]

2. SAME—INTERLOCUTORY JUDGMENTS.

Interlocutory judgments are appealable only when they work irreparable injury to the parties cast.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 402–416.]

3. SAME.

Where several alleged causes of action are cumulated in the same demand, a judgment dismissing one or more of them, on an exception of no cause of action, but leaving the demand, though reduced, still pending, is interlocutory.

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Charles Vernon Porter, Judge.

Action by the heirs of Francois Bossier against Hollingsworth & Jackson. Judgment for defendants, and plaintiffs appeal. Dismissed.

Scarborough & Carver, for appellants. Breazeale & Breazeale, for appellees. Jack, Fleming & Hicks and Chaplin & Son, for appellee warrantors.

### Statement.

MONROE, J. This proceeding was originally dismissed by the judge a quo as in case of nonsuit. On appeal to this court, it was held that the action was not possessory, nor petitory, nor an action of jactitation, nor, strictly, an action of trespass, and the judgment of nonsuit was set aside and the case remanded in order to enable plaintiffs to set forth their cause of action more distinctly.

Thereupon, they filed an amended petition, to which defendants excepted: (1) That it disclosed no cause of action; (2) that the allegations of possession were vague, indefinite, ambiguous, and insufficient to serve as a basis of an action of slander of title, which exception was maintained by judgment reading as follows:

"The exception filed to the amended petition in this case is sustained, with leave granted to the plaintiffs to so amend their original petition, within 10 days from this date, as to bring the action within one of the four categories into which all actions for the vindication of rights to, or growing out of, real estate must fall,

under the rules of law laid down by the Code of Practice and as designated by the decision of the Supreme Court, rendered in this case; otherwise, this suit will be dismissed as in case of nonsuit. Thus done and ordered in open court, this 2d day of June, 1905. [Signed] C. V. Porter, Judge."

Plaintiffs then filed an application in this court, alleging that they were entitled to a trial of the case on the issues presented, and praying that the judge a quo be directed, by mandamus, to grant the same, which application was denied in the following language:

"Applicants' remedy is by appeal, in due time, and not by writs of prohibition and mandamus. Applicants' demand is denied, as in case of nonsuit, and their petition dismissed."

Plaintiffs then filed, in the district court, a second amended petition, to which defendants excepted: (1) That it discloses no cause of action; (2) that it is fatally defective in cumulating three alleged causes of action (if any cause of action be legally alleged), viz., a petitory action, as to 8 or 10 acres of land, alleged to be worth $1,000, slander of title, as to indefinite acreage, and, lastly, a claim for damages for trespass on both 8 or 10 acres and indefinite acreage; (3) that this is an illegal cumulation of demands and prevents your respondents from calling their vendors in warranty, except as to the 8 or 10 acres; (4) that plaintiffs should be required to elect which of the alleged demands contained in this suit they will prosecute; (5) that the allegations of the petition are insufficient to sustain an action for slander of title; (6) that they are vague, indefinite, disingenuous, and do not comply with the decision of the Supreme Court. And they pleaded the prescriptions of one, two, three, five, and ten years to all the demands.

Defendants then filed an application averring that the amount, or value, placed in dispute, by all of the alleged causes of action, does not exceed $1,200, and that plaintiffs allege a fictitious value in order to give jurisdiction to the Supreme Court, and they pray that the matter of value be inquired into. The filing of this application was objected to, and the objection was overruled; but the application was thereafter denied, and the court rendered judgment maintaining the exception of no cause of action, save as to those of plaintiffs' allegations which charge trespass, and decreed that the suit stand as an action in damages for trespass and not otherwise. We then find in the transcript a pleading (which appears to have been filed October 28th, but which was probably filed December 28th) in which paintiffs move the court to strike out the signature from said judgment, on the ground that the act of the court in attaching the same, "in advance of the judgment to be finally rendered in the case, was error of law," which, if persisted in, "will operate irreparable injury, as it finally decides important issues in the case and finally closes the door to certain issues, unless corrected by appeal, which will make the trial of the case by piecemeal inevitable, and, in order to fully protect the right of the plaintiffs, an appeal will have to be taken and prosecuted from the act of the court; this exact question having been decided by the Supreme Court in State v. Judge, 35 La. Ann. 765, on which authority the court is asked to erase the signature, leaving all questions in the case to go up on the final decision of the case."

This motion appears to have been denied, whereupon plaintiffs appealed, and defendants now move to dismiss the appeal, on the ground that the judgment appealed from is interlocutory and does not work irreparable injury, to which plaintiffs (by pleadings filed in this court) answer that the judgment appealed from is final as to the only issue in the case to which plaintiffs and appellants attach any importance, and, for that reason, the appeal was taken on the authority of the case of State ex rel. Ikerd v. Judge, 35 La. Ann. 212.

### On the Motion to Dismiss Appeal.

It will be observed that in the district court plaintiffs complained of the signing of the judgment (whereby the exception of no cause of action was maintained, as to part of their demand, on the ground that the judgment thereby became final, necessitating an appeal and rendering inevitable the splitting of the case and its trial by piecemeal) and prayed the judge to erase his signature, "leaving all questions in the case to go up on the final decision of the case." It is clear, therefore, that, in the opinion of the plaintiffs, the judgment appealed from will work them no irreparable injury, unless it be regarded as a final judgment. In support of the proposition, as advanced in the district court, that the judgment in question became final by reason of the signature of the judge, the learned counsel referred to "35 La. Ann. 765," when they, perhaps, intended to refer to State ex rel. Ikerd v. Judge, 35 La. Ann. 212, cited by them in the pleading, or paper, filed in this court. In the case thus referred to it appears that the relator applied to this court for a writ of mandamus to compel the trial judge to grant a suspensive appeal from a decree sustaining a motion to strike out a reconventional demand, and, in denying the writ, this court said:

"The case has not yet been tried. Hence the decree complained of is not a final judgment in the case. Therefore it is an interlocutory judgment. The right of appeal from such a judgment is recognized in our law when the judgment may cause irreparable injury to the party complaining. If the judge erred in striking out intervener's reconventional demand, his ruling can be reviewed and his error corrected on an appeal from the final judgment, in the same manner as his ruling would be reviewed on appeal if the plaintiff had adopted the more regular proceeding of objecting to the introduction of any evidence under the plea in reconvention and a bill had been taken from a ruling sustaining the objection. The character of the injury caused by an interlocutory judgment, even when it is signed by the judge, must be tested under the following plain rule: If the decree of the appellate court can restore the parties, without loss of any right under the pleadings, to the identical positions which they

117 LA.—8

respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal clearly does not exist. Fields v. Gagné, 33 La. Ann. 340. In the case of Harris v. Stockett, recently decided by us, (35 La. Ann. 387), we applied this rule to a state of pleadings strikingly similar, with the exception that the interlocutory judgment in that case had not been signed by the judge. While it is elementary in our practice that a judgment not signed by the judge is not a final judgment, it is equally true that a judgment not final in its character cannot be made final by the signature of the judge. Relator invokes the recent decision in the case of State ex rel. Ikerd v. Judge, etc. (35 La. Ann. 212), as directly in point and decisive of the remedy which he seeks. But he is mistaken. In that case, the judgment appealed from had partly sustained an exception and had partly dismissed a petition and prayer. Under such a ruling plaintiff's suit had been completely emasculated and the relator is materially differenced from the present case." State ex rel. Pflug v. Judge, 35 La. Ann. 765.

We are inclined to think that there is a conflict between the views thus expressed and those adopted by the court in the case upon which appellants rely, and we think that the doctrine of the case of State ex rel. Pflug v. Judge, is better sustained by authority and more in accordance with established practice. The Code of Practice declares that:

"Definitive and final judgments are such as decide all the points in controversy between the parties." Article 539.

"One may appeal from all final judgments rendered in cases in which an appeal is given by law." Article 565.

"One may likewise appeal from all interlocutory judgments when such judgment may cause him irreparable injury." Article 566.

We therefore usually understand by the term "final judgment" that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts. The judgment now under

consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom it was rendered irreparable injury, and, in neither of these respects, is its character affected by the fact that it bears the judge's signature.

It can be reviewed, on the appeal from the judgment which may ultimately be rendered in the case (provided the plaintiffs take such appeal or answer it, as the case may be); but we do not think that it would conduce to an orderly administration of justice to review it at this time, and we are the less disposed to do so, because, in the district court, neither party seemed to desire the splitting of the case, and a doubt was suggested as to the jurisdiction of the appeal quoad the value involved.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed at the costs of the appellants, without prejudice, however, to their right to have the judgment appealed from reviewed upon appeal from the final judgment to be hereafter rendered in the case.