ST. PAUL, J.
 

 Plaintiff sued defendant for alleged breach of the terms of a contract verbally entered into “previous to July 21st, 1925,” with the understanding, however, “that defendants were to make up a memorandum of agreement and send it to your petitioner for signatures,” which said memorandum of agreement was in fact executed and signed by both parties on July 21, 1925.
 

 The defendant pleaded an exception of no cause of action; whereupon the trial judge ruled that said exception be maintained “in so far as plaintiff seeks to recover on a contemporaneous, collateral, verbal contract,” and overruled “in so far as plaintiff seeks to recover under the written agreement sued on.”
 

 Plaintiff appealed, and defendant moves to dismiss the appeal on the ground that the judgment, appealed from even though signed by the trial judge, is only interlocutory and not final.
 

 The signing of a judgment by the trial judge cannot make it a final judgment, if in fact it be only an interlocutory judgment. State ex rel. Pflug v. Judge of Civil District Court, 35 La. Ann. 765. And we think the judgment herein above set forth is not final, hut only interlocutory. For, in ef-' feet, all that the trial judge did 'was to strike from the petition all reference to antecedént
 
 *808
 
 verbal agreements and declare that the evidence would be confined to the breach of written agreement of July 21, 1925. Cf. Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553.
 

 The appeal herein taken is therefore dismissed.