(125 So. 453)

No. 30202.

## LOUISIANA SOUTHERN RY. CO. v. BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST.

Dec. 2, 1929.

Robert H. Kelley, of Houston, Tex., and Bond, Curtis, Hall & Foster, and Nat W. Bond and Henry B. Curtis, all of New Orleans, for appellant.

Monroe & Lemann, Arthur B. Hammond, James G. Schillin, and Wm. Brewer, all of New Orleans, for appellee.

BRUNOT, J. This is a suit against the board of levee commissioners of the Orleans levee district for claims aggregating $489,-752.34. The claims are listed under Schedules A and G. The items listed under Schedule A total $140,044.34, and those listed under Schedule G total $349,709, making a grand total of $489,753.34, or one dollar more than is sued for. The items in Schedule G are listed in three separate groups. In the court below the defendant filed exceptions of no right and no cause of action as to each separate item of the three groups listed under Schedule G. The exception of no cause of action was sustained, and the court rendered and signed the following judgment: "When, after hearing the pleadings and argument of counsel, the court being of the opinion as hereinafter set out, and for reasons orally assigned; It is ordered by the court that the exception of no cause of action, in so far as it applies to the items propounded, in Schedule G be maintained, and, accordingly, let there be judgment in favor of defendant, Board of Levee Commissioners of the Orleans Levee District, and against plaintiff Louisiana Southern Railway, to that extent."

This appeal is from the foregoing judgment. Defendant has moved to dismiss the appeal for the reason that the judgment appealed from is interlocutory, and does not work an irreparable injury to plaintiff.

We think the motion to dismiss should be sustained. In Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555, there was more reason for overruling the motion to dismiss the appeal than is made to appear in this case. In both cases an exception of no cause of action was sustained to a part of plaintiff's demand, and in both the judgment sustaining the exception was written, read, and signed. In the Bossier's Heirs Case it was contended that the judgment finally disposed of the only important issue in the case, while in this case none of the items of the plaintiff's demands listed under Schedule A and aggregating $140,044.34 are affected by the judgment appealed from. In Bossier's Heirs this court quoted articles 539, 565, and 566 of the Code of Practice, and said:

"We therefore usually understand by the term 'final judgment' that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the

last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts. The judgment now under consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom it was rendered irreparable injury, and, in neither of these respects, is its character affected by the fact that it bears the judge's signature.

"It can be reviewed, on the appeal from the judgment which may ultimately be rendered in the case (provided the plaintiffs take such appeal or answer it, as the case may be); but we do not think that it would conduce to an orderly administration of justice to review it at this time," etc.

In the case of Trcka v. Bragmans Bluff Lbr. Co., 168 La. 805, 123 So. 332, the plaintiff sued upon an alleged verbal agreement and a written contract. An exception of no cause of action was filed and sustained as to the alleged verbal agreement, but was overruled as to the alleged contract. A formal judgment was signed, the plaintiff appealed and the defendant moved to dismiss the appeal. In that case the court said: "The signing of a judgment by the trial judge cannot make it a final judgment, if in fact it be only an interlocutory judgment. State ex rel. Pflug v. Judge of Civil District Court, 35 La. Ann. 765. And we think the judgment herein above set forth is not final, but only interlocutory. For, in effect, all that the trial judge did was to strike from the petition all reference to antecedent verbal agreements and declare that the evidence would be confined to the breach of written agreement of July 21, 1925.

Cf. Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553."

We have considered the contentions of appellant's counsel and the authorities cited in support of them, but find nothing in either to warrant us in overruling the authorities quoted supra.

For the reasons stated it is ordered and decreed that the appeal herein be dismissed at appellant's cost, without prejudice however, to its right to have the judgment herein appealed from reviewed on appeal from such final judgment as may be hereafter rendered in the case.

O'NIELL, C. J. (dissenting). I concede that it might have been better practice if the judge of the civil district court had not signed a final judgment rejecting the plaintiff's demand for compensation for the items listed under Schedule G. It would have been better if the judge had merely announced that he would not hear evidence in support of those claims, without signing a judgment rejecting the claims before hearing evidence in support of the claims listed under Schedule A. But, when the judge did sign a final judgment rejecting the demand for the claims listed under Schedule G, there was nothing left for the plaintiff to do but to appeal from the judgment. It was not by plaintiff's solicitation, but by that of the defendant, that the judge signed a judgment finally disposing of the claims listed under Schedule G, as far as that court was concerned.

It will not do to say that the plaintiff, in such a case, must wait until a judgment is rendered and signed rejecting whatever is left of his demand, and appeal from that judgment along with the judgment first rendered and signed. The remaining part of the plaintiff's demand may be allowed by the district judge; in which event, the plaintiff

will have no ground whatever to appeal, except from the judgment first rendered, rejecting a part of his demand.

For these reasons I respectfully dissent from the prevailing opinion and the decree rendered in this case.