**KAUFMAN v. H. G. HILL STORES, Inc.**

**No. 16035.**

Court of Appeal of Louisiana. Orleans.

Jan. 21, 1935.

R. F. Becker, Jr., of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling and Lawrence K. Benson, all of New Orleans, for appellee.

JANVIER, Judge.

This matter comes before us on motion to dismiss the appeal because of our alleged want of jurisdiction ratione materiæ. The suit is one for damages for alleged violation of contractual obligations; the amount claimed being $16,375.00, made up of the following items as set forth in paragraph 10 of plaintiff's petition:

| | |
|---|---:|
| Revenue lost from lease with Mr. and Mrs. Joseph Di Carlo | $4,725.00 |
| Revenue from property after the lease with Mr. and Mrs. Di Carlo expired | 5,000.00 |
| Mental worry and anxiety | 5,000.00 |
| Rent owed by the H. G. Hill Stores, Inc. | 150.00 |
| Attorneys Fees | 1,500.00 |
| | $16,375.00 |

An exception of no cause of action was sustained as to all of the above set forth items except that for $150 for "rent," and from that judgment plaintiff has appealed to this court. The suit, so far as the claim for $150 is concerned, is still pending in the district court.

■ The jurisdiction of this court in moneyed demands is limited to claims not in excess of $2,000, "except in suits for damages . for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances." See Constitution of 1921, art. 7, §§ 10, and 29, and Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591, 592.

■ Since the suit is for more than $2,000 and is not for damages for physical injuries, or for death of a person, etc., we are without jurisdiction unless the claim for $5,000 for "mental worry and anxiety" can be construed as a claim within the contemplation of the above-quoted third paragraph of section 10 of article 7 of the Constitution of 1921. But no physical injury was sustained, and it has been definitely settled by our Supreme Court in Spearman v. Toye Bros., supra, that a claim for humiliation, mortification, mental anguish and pain, unless accompanied by physical injuries, does not fall within the above-quoted exception. In that case the court said: "As the wrong complained of in this case, if it occurred, did not cause physical injury to the plaintiff, and as the amount in dispute exceeds $2,000, exclusive of interest, the appeal is within the jurisdiction of this court, and not of the Court of Appeal."

■ Mover contends that we should not transfer the appeal to the Supreme Court, as we are authorized to do under Act No. 19 of 1912, but that we should dismiss the appeal entirely for the reason that it is an appeal from an interlocutory judgment. See Simeon v. Board of Levee Commissioners, 12 La. App. 23, 124 So. 853; Bossier's Heirs v. Hollingsworth et al., 117 La. 221, 41 So. 553. But we feel that, having reached the conclusion that we are without jurisdiction to entertain the matter, we should not go further and

dismiss it, but, following the course we have always followed since the enactment of Act No. 19 of 1912, should transfer the appeal to the Supreme Court.

It is therefore ordered, adjudged, and decreed that this appeal be, and it is, transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; plaintiff appellant to pay the costs of appeal in this court and the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.