PONDER, Justice.
 

 This is an appeal from a judgment sustaining the defendant’s exception of no cause of action to a part of the plaintiff’s petition.
 

 From a reading of the petition, it appears that the plaintiffs, Ernest J. Reeves and Warren W. Lemoine, are seeking to recover from the defendant, Alfred M. Barbe, certain sums of money and to be decreed the owners of certain royalty interests now standing in the defendant’s name. The suit is predicated on a verbal agreement of joint adventure, respecting two separate tracts of land. It is alleged that the verbal agreement of joint adventure with respect to one tract of land was acknowledged by the defendant in writing by a certain letter addressed to the plaintiffs. We gather from the petition that while the two tracts of land are involved in the suit, by virtue of the underlying agreement of joint enterprise, that there were various leases and transactions entered into with respect to each of these tracts of land separately. The plaintiffs in their prayer ask for certain relief, and, in event that the court should find that they are not entitled to it, for al
 
 *1076
 
 ternative relief. The defendant interposed an exception of no cause of action to the petition only insofar as one tract of the land was concerned which was sustained by the lower court. It appears from the written reasons handed down by the trial judge that the defendant admitted that the petition set forth a cause of action as to the other tract of land. The plaintiffs have appealed from the judgment sustaining the exception of no cause of action as to a part of the plaintiffs’ petition.
 

 The appellants have attempted to appeal from a judgment from which no appeal lies. A judgment dismissing, on exception of no cause of action, only a part of the case is an interlocutory judgment from which no appeal lies unless irreparable injury will result.
 

 “Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings.” Code of Practice, Article 538.
 

 “Definitive or final judgments are such as decide all the points in controversy, between the parties. Definitive judgments are such as have the force of res judicata.” Code of Practice, Article 539.
 

 “One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default.” Code of Practice, Article 565.
 

 “One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury.” Code of Practice, Article 566.
 

 “The law does not favor the interrupting of judicial proceedings by appealing from interlocutory decrees. Hence comes the rule that an appeal is not allowed from such a decree unless it is one which may cause irreparable injury.” In re Byrne, District Att’y, 193 La. 566, 191 So. 729, 730.
 

 In the case of Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555, it was stated:
 

 “We therefore usually understand by the term ‘final judgment’ that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts. The judgment now under consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom it was rendered irreparable injury, and, in ' neither of these respects, is its character affected by the fact that it bears the judge’s signature.
 

 “It can be reviewed, on the appeal from the judgment which may ultimately be rendered in the case (provided the plaintiffs take such appeal or answer it, as the case ■may be); but we do not think that it would conduce to an orderly administration of justice to review it at this time.”
 

 
 *1078
 
 In the case of Trcka v. Bragmans Bluff Lumber Co., Inc., 168 La. 805, 123 So. 332, an exception of no cause of action was sustained to an alleged verbal contract and overruled as to an alleged written contract. The plaintiff appealed, and the defendant moved to dismiss the appeal on the grounds that the judgment was not signed by the trial judge and that it was an interlocutory judgment. The court held that the signing of the judgment by the trial judge did not make it a final judgment, and that it was interlocutory*
 

 In the case of Feitel v. Feitel, 169 La. 384, 388, 125 So. 280, it was also stated: “The judgment- does not purport to dispose of the entire case, and therefore is not a final judgment. The Code of Practice defines definitive or final judgments as follows : ‘Definitive or final judgments are such as decide all the points in controversy between the parties. Definitive judgments are such as have the force of res adjudicata.’ Code Prac. art. 539. The judgment in this case is not a final judgment, because it leaves undecided the main demand. Not being decisive of all the points in controversy, it would not support a plea of res adjudicata. This is so because it is an interlocutory judgment. Code Prac. arts. 538 and 539. The fact that the judgment was signed cannot change it from an interlocutory to a final judgment. State ex rel. Pflug v. Judge, 35 La.Ann. 765; Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555; Trcka v. Bragmans Bluff Lumber Co., 168 La. 805, 123 So. 332.”
 

 The plaintiffs contend that irreparable injury may be> caused if this appeal is not entertained. This is based on the contention that they might be deprived of their right to appeal from the judgment on the exception, even though they might be successful on that part of the petition, not involved herein. The plaintiffs also contend that the refusal to entertain the appeal might require two trials and three appeals before the rights of the parties are finally adjudicated.
 

 The plaintiffs are entitled to have the interlocutory judgment reviewed on appeal from the final judgment and would lose no rights in that respect by the dismissal of this appeal. We cannot anticipate the course of this litigation with respect to trials and appeals.
 

 The plaintiffs and the defendant contend that the procedure in the present appeal is proper. They have filed a joint brief supporting this contention. They rely on the case of Succession of Curtis, 156 La. 243, 100 So. 412. The holding in the case of Succession of Curtis, supra, appears to bear out this contention. However, it is stated therein that it may be the better .practice to delay the signing of the "judgment disposing of only part of the demand until there is a disposition of the whole case, or until final judgment on the merits, which would avoid splitting up the case and a multiplicity of appeals. The holding in the Succession of Curtis in this respect is contrary to a long line of jurisprudence in this State. We have only referred to some of the cases holding to the contrary.
 

 The mere fact that the parties consented to the appeal would not warrant our
 
 *1080
 
 entertaining it. Code of Practice, Article 92.
 

 “No motion has been filed to dismiss this appeal or to transfer it to the Court of Appeal. To the contrary, defendant has answered the appeal. However, it is well settled that jurisdiction cannot be vested in this court by consent, and that we, of our own motion, should notice our lack of it.” Louisiana State Rice Milling Co., Inc., v. Gage, 162 La. 350, 110 So. 555.
 

 We are compelled to notice ex proprio motu our lack of jurisdiction to entertain the appeal.
 

 “It is settled beyond question that the Supreme Court of its own motion takes notice of its want of jurisdiction and dismisses appeals where it has none. See numerous authorities cited under title 2, part 2 (article 877 et seq.), relating to proceedings in the Supreme Court of the state, in Dart’s and Marr’s Annotated Revised Code of Practice.” McGee v. Gasery, 185 La. 839, 171 So. 49, 51.
 

 “Since it clearly appears from the record, we are compelled to notice ex proprio motu our lack of jurisdiction ratione materias. Edwards v. Edwards, 21 La.Ann. 610; Rogers v. Goldthwaite, 32 La.Ann. 48; Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583; Scott v. Howell, 177 La. 137, 148 So. 6.” Gaillardanne v. Locascio, 182 La. 539, 162 So. 69, 70.
 

 “The fundamental question ’ whether the judgment appealed from is a final one within the meaning of the rule has suggested itself to the court; and it must be answered, although it was not raised by either party.” Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 348, 64 L.Ed. 616; Followed in United States v. Florian, Executor, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105.
 

 For the reasons assigned, the appeal is. dismissed at appellants’ cost.