185 So.2d 842 (1966)
Hilton J. MATTE, Plaintiff and Appellant,
v.
CONTINENTAL CASUALTY COMPANY, Defendant and Appellee.
No. 1679.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
*843 Francis E. Mire, Lake Charles, for plaintiff-appellant.
Plauche & Plauche, by S. W. Plauche, III, Lake Charles, for defendant-appellee.
Before TATE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
Hilton J. Matte sues Continental Casualty Company for damages for personal injuries allegedly sustained by Matte while he was riding as a passenger in his own Ford pickup truck. At the time the accident occurred, there was in effect a public liability insurance policy issued to plaintiff by the defendant insurer, covering this pickup truck and another motor vehicle owned by Matte. This policy provided for a limit of $5000.00 on each of the two vehicles insured under that contract for injuries to one person in an accident.
Plaintiff demands judgment against the insurer for $9500.00, contending that the coverage on each of the two insured vehicles applies, and that he thus is entitled to recover the combined total of the maximum limits on both vehicles, or the total sum of $10,000.00, less $500.00 which previously had been paid by the insurer as medical expenses. In Articles 5 and 6 of the petition, plaintiff alleges:
"5. Petitioner further alleges that under the terms of this policy, and according to prevailing jurisprudence, the amounts under both policies could be claimed under one accident.
6. Defendant is indebted unto petitioner in the sum of Nine Thousand Five Hundred and No/100 ($9,500.00) Dollars, plus interest and costs of these proceedings, for the following reasons."
The defendant filed a motion to strike from the petition all of Article 5 and those portions of Article 6 and the prayer which allege or demand damages in excess of $5000.00. After a hearing, the trial judge rendered judgment granting the motion to strike, and plaintiff has appealed from that judgment.
In this court the defendant filed a motion to dismiss the appeal, alleging as the basis for that motion that the decree appealed from is not a final judgment, and that it is not an interlocutory judgment which may cause irreparable injury. Plaintiff concedes that the ruling appealed from is an interlocutory judgment, but he contends that he is entitled to appeal from it because it is of such a nature that it may cause him irreparable injury. He argues that if that judgment is allowed to stand it will reduce his claim to $5000.00, and "by going to trial the total amount of his claim would be reduced to $5000.00, and he would be unable to present a claim for more than that amount."
The motion to dismiss the appeal was referred to the merits and was argued before us at the time the appeal was argued on its merits. We will consider first the motion to dismiss.
Our law provides that an appeal may be taken from a final judgment or "from an interlocutory judgment which may cause irreparable injury." LSA-C.C.P. Article *844 2083. The judgment of the trial court ordering certain allegations and a part of the prayer of the petition stricken is clearly an interlocutory judgment. LSA-C.C.P. Article 1841; Sheppard v. Morgan, La.App. 1 Cir., 184 So. 386. An appeal will not lie from that judgment, therefore, unless it is of such a nature that it may cause irreparable injury.
In State ex rel. Pflug v. Judge of Division E, Civil District Court for the Parish of Orleans, 35 La.Ann. 765, our Supreme Court applied the following test in determining whether an appeal could be taken from an interlocutory decree:
"`If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist.'"
In Feitel v. Feitel, 169 La. 384, 125 So. 280, where an appeal from an interlocutory judgment was dismissed, the Supreme Court said:
"The judgment, in this case, not being a final judgment, but merely an interlocutory one, the right to appeal from it, prior to the rendition of final judgment, depends, as provided in article 566 of the Code of Practice, upon whether it may cause appellant irreparable injury. * *"
"The judgment in this case is not such a one as may work irreparable injury. Even though more than a year should elapse before the final judgment to be rendered should come before this court, we may restore the parties to the identical position, without the loss of any right, under the pleadings, which they occupied before the rendering of the interlocutory decree complained of. The court may then affirm the ruling of the trial court, or it may reverse that ruling and remand the reconventional demand for trial, and this without injury to any one."
Some of the other cases in which the same rule was applied, and which we think are applicable here, are: Harris v. Stockett, 35 La.Ann. 387; Fields, Tutrix v. Gagne and Wife, 33 La.Ann. 339; Trcka v. Bragmans Bluff Lumber Co., Inc., 168 La. 805, 123 So. 332; Reeves, et al. v. Barbe, 200 La. 1073, 9 So.2d 426; Interdiction of Polmer, La.App. 1 Cir., 141 So.2d 696; Kaufman v. H. G. Hill Stores, Inc., La.App.Orl., 159 So. 745; Louisiana Southern Railway Co. v. Board of Levee Commissioners of Orleans Levee District, 169 La. 475, 125 So. 453; Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553; Farmers Supply Company v. Williams, La.App. 2 Cir., 107 So.2d 544.
In the instant suit the issue of whether the trial court erred in ordering certain allegations and a part of the prayer stricken from plaintiff's petition may be considered by the appellate court when an appeal is taken from the final judgment which may be rendered on the merits in this case. The appellate court at that time, if then appropriate to do so, can restore the parties to the same positions which they occupied before the rendering of the interlocutory decree, without the loss of any right. The appellate court may affirm the ruling of the trial court, or it may reverse that ruling and render an appropriate judgment, or it may remand the case for trial, all without injury to anyone.
Applying the tests which are set out in the above cited cases, we think it is clear that the interlocutory judgment complained of here is not one which may cause irreparable injury. We conclude, therefore, that plaintiff is not entitled to appeal from that judgment, and that defendant is entitled to have the appeal dismissed.
In view of our conclusions that the appeal must be dismissed, it is not necessary for us to consider any of the other issues raised on this appeal.
*845 For the reasons herein set out, the appeal taken by plaintiff herein is dismissed, without prejudice to appellant's right to have the ruling appealed from reviewed on an appeal from the final judgment which may be rendered hereafter in this case. The costs of this appeal are assessed to plaintiff-appellant.
Appeal dismissed.