HALL, Judge
(dissenting).
This is a suit for damages arising out of a vehicular accident based on the alleged negligence of the defendant driver, James C. Fourmy. Named defendants are Four-my, his employer, Louisiana Midland Transport Company, Inc. and the employer’s liability insurer.
The alleged liability of the employer is based on two theories. First, plaintiffs allege that the defendant driver was an employee of Louisiana Midland acting in the course and scope of his employment at the time of his accident, with the employer being liable for the employee’s physical acts under master-servant principles. Secondly, plaintiffs allege that the employer knew or should have known of a number of prior convictions of the employee for speeding and reckless driving and that the employer was, therefore, negligent in employing the employee as a truck driver and that this negligence was a proximate cause of the accident which resulted from the employee’s speeding and reckless driving.
Defendants answered admitting Fourmy was an employee acting in the course and scope of his employment at the time of the accident, thereby admitting its vicarious liability in the event of a finding that the accident was caused by Fourmy’s negligence. In response to the allegations of negligence based on employment of Four-my with knowledge of prior convictions of speeding and reckless driving, defendants filed an exception of no cause of action and motion to strike. The exception and motion to strike were sustained by the district court and plaintiffs appealed.
The reasons for this dissent are twofold. First of all, it is my view that the judgment from which the appeal was taken is neither a final judgment nor an interlocutory judgment causing irreparable injury and, therefore, is not appealable. Secondly, if the appeal is to be considered on its substantive merits, it is my opinion that the allegations relative to knowledge of prior convictions do not set forth a cause of action.
LSA-Code of Civil Procedure Article 2083 provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The judgment from which the appeal was taken in this case is neither a final judgment nor an interlocutory judgment which may cause irreparable injury. No possible injury could result to plaintiffs from the interlocutory judgment sustaining the exception and motion to strike as to one of plaintiffs’ theories of liability on the part of defendants. Defendants have, in effect, admitted vicarious liability in the event Fourmy’s negligence is proved.
LSA-Code of Civil Procedure Article 2162 provides in part:
“An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned. * * * ”
Although no motion to dismiss has been filed, this appeal can and should be dismissed by the court on its own motion since plaintiffs had no right to appeal from the interlocutory judgment. In Reeves v. Barbe, 200 La. 1073, 9 So.2d 426 (1942), the court, on its own motion, dismissed an appeal in a similar case where an exception of no cause of action as to part of the case was sustained. See also Matte v. Continental Casualty Company, 185 So.2d 842 (La.App. 3d Cir. 1966), in which the court held a judgment sustaining a motion to strike is not appealable.
*655 The wisdom of the Articles of the Code of Civil Procedure limiting appeals to certain types of judgments and providing for the dismissal of appeals where there is no right of appeal is demonstrated by this particular case. The majority opinion passes on and decides an important issue of substantive tort law when the issue raised is purely academic and has no bearing or materiality on the ultimate outcome of this lawsuit.
In my opinion the issue raised by the exception of no cause of action should not have been considered by this court, but, having been considered, was incorrectly decided by the majority. I do not believe employing a person as a driver with knowledge of twelve convictions for speeding and reckless driving over an eight year period amounts to negligence which is a proximate cause of a subsequent accident caused by the driver’s speeding and reckless driving. This situation is different from the entrusting of a vehicle to one who is mentally or physically incompetent to drive or one who is not legally qualified to drive, such as a person who is intoxicated, or is below driving age, or has had his driver’s license revoked.
Plaintiffs rely primarily on this court’s recent decision in Winzer v. Lewis, 251 So.2d 650 (La.App. 2d Cir. 1971) writ refused, 259 La. 934, 253 So.2d 379 (1971). In Winzer, an employer was held to be negligent in entrusting a vehicle to an employee whose license had been revoked for driving while intoxicated, where the subsequent accident was caused by the employee’s intoxication. The Winzer case, which itself reached beyond any previous Louisiana case in establishing liability on the part of one entrusting a vehicle to another, is distinguishable from the case at bar at least as a matter of degree and of causal connection. Winzer is also distinguishable in that it involved a violation of a prohibitory regulatory statute designed for the protection of the public, which is not alleged here.
While I can conceive of circumstances relating to a man’s driving history bearing on his physical, mental, or legal competency to drive that might call for a different result, it is my opinion that hiring as a driver a person with twelve convictions over an eight year period does not amount to fault which is a cause of a subsequent accident. Plaintiffs’ allegations to this effect do not set forth a cause of action against the employer.
I respectfully dissent.