620 So.2d 347 (1993)
B & S EQUIPMENT COMPANY, INC.,
v.
CARL E. WOODWARD, INC., Bucon, Inc., St. Paul Fire & Marine Insurance Company, and Golden Triangle Holdings.
No. 93-CA-131.
Court of Appeal of Louisiana, Fifth Circuit.
May 25, 1993.
Rehearing Denied July 16, 1993.
*348 Murphy J. Foster, III, Steven B. Loeb, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellee.
Brad G. Theard, Young, Richard, Theard & Myers, New Orleans, for defendant-appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
WICKER, Judge.
This appeal arises from a petition filed on behalf of B & S Equipment Company, Inc. (B & S), plaintiff/appellee, against four defendants, one of which is Carl E. Woodward, Inc. (Woodward), defendant/appellant. B & S, the contractor, filed suit against Woodward, the subcontractor, for breach of the construction contract. Woodward now appeals the granting of a partial motion for summary judgment in favor of B & S in the amount of $12,188.36 and $5,400.00 attorney's fees. Also specified as error is the denial of a stay by the trial judge based upon the arbitration defense. We reverse the denial of a stay; vacate the judgments granting the partial summary judgment and awarding attorney's fees, and we remand.
The seminal issue in this case is whether the defendant/appellant, Woodward, has waived its right to arbitrate the claim for breach of contract asserted by plaintiff/appellee, B & S.
The appellant contends that under the contract between B & S and Woodward disputes were required to be decided by arbitration. On the other hand B & S argues that this court lacks jurisdiction to decide this issue and alternatively that Woodward waived its right to arbitration.
On August 10, 1992 the trial judge signed a judgment denying Woodward's motion for a stay pending arbitration. In its motion for appeal on December 4, 1992 Woodward states it is appealing the judgments of September 15, 1992 and December 1, 1992. The September 15, 1992 judgment is the granting of a partial summary judgment while the December 1, 1992 judgment is the denial of a motion for new trial of the partial summary judgment and the award of attorney's fees.
B & S contends that since Woodward did not specifically state in its motion for appeal that it was appealing the judgment denying the stay, this judgment is not before this court. However, that contention *349 assumes the judgment of August 10, 1992 is a final judgment. It is not a final judgment since unlike a final judgment it did not determine "the merits in whole or in part." Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 398 So.2d 558, 558 (La.App. 1st Cir.1980). See also La.C.Civ.P. art. 1841. In Standard Company of New Orleans, Inc. the court held the denial of a motion to stay and compel arbitration was interlocutory. Id.
The judgment denying the stay in the present case is therefore interlocutory.
In Reeves v. Barbe, 200 La.1073, 9 So.2d 426, 427 (1942) the Louisiana Supreme Court considered the denial of the exception of no cause of action [quoting Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555 (1906)]:
["]The judgment now under consideration does not dispose of all the points in controversy between the parties, nor does it cause the parties against whom it was rendered irreparable injury, and, in neither of these respects, is its character affected by the fact that it bears the judge's signature.

"It can be reviewed, on the appeal from the judgment which may ultimately be rendered in the case ..." [emphasis added].
Thus, the fact that the interlocutory ruling was signed in the form of a judgment does not change its character from an interlocutory decree to a final judgment. Barbe, supra. Additionally, the interlocutory judgment "can be reviewed, on the appeal from the judgment" ultimately rendered. Barbe, supra at 427.
We therefore consider the issue of whether the trial judge erred in denying the stay.
In denying the stay the trial judge reasoned that the parties had waived their rights. He stated "[t]his case has been before the Court since April 4, 1990. It makes no sense to go back to the beginning and send it to arbitration at this point." The record indicates B & S filed its petition against Woodward April 4, 1990 for breach of its construction contract.
On May 11, 1990 Woodward answered B & S' petition.
On October 9, 1990 B & S' counsel noticed the deposition of Walter Jefferson for the date of October 23, 1990. On November 14, 1990 counsel for B & S filed a motion to appoint a private process server since service on Jefferson was unsuccessful. A process server was appointed November 15, 1990. A second notice of deposition for Jefferson was filed November 12, 1990 for a deposition date of December 12, 1990.
On December 5, 1990 all of the defendants, including Woodward, filed a supplemental and amended answer seeking a dismissal on the basis the matter should be submitted to arbitration.
Woodward raised the arbitration defense approximately eight months after B & S filed its petition and approximately seven months after it first answered the petition. The record discloses that no depositions had yet been taken when the defense was raised.
On March 27, 1991 Woodward filed a notice of deposition for William C. Ryals on April 18, 1991. This notice was amended on April 22, 1991 to give a new date of May 21, 1991. In brief, Woodward states it noticed Ryals deposition "for the specific purpose of confirming his awareness, as the representative of [B & S], of the arbitration provision which was contained in the General Conditions of the Contract for Construction."
On June 6, 1992 B & S filed a motion for partial summary judgment against Woodward. No deposition nor portion thereof was filed in support of the motion. The affidavit of Ryals taken November, 1991 was attached.
Woodward filed an opposition to the summary judgment on February 4, 1992. Woodward used excerpts from Ryals' deposition of May 21, 1991. Woodward also attached the affidavit of Terry McCubbin, Woodward's comptroller taken February 4, 1992 in support of its opposition. In its *350 opposition to summary judgment Woodward reurged the defense of arbitration and attached the relevant contract provisions.
In its reply to Woodward's opposition B & S did not address the arbitration issue.
The motion for summary judgment was heard April 8, 1992. At the hearing the arbitration defense was raised. The trial judge gave Woodward ten days to file a motion to dismiss based upon arbitration and asked that this issue be set for hearing.
On April 20, 1992 Woodward filed a motion to stay or alternatively to dismiss based upon the same defense of arbitration it had urged December 5, 1990. On May 28, 1992 this motion was heard. At the hearing, counsel for B & S stated there had been "extensive depositions" and that this case had been in litigation for "over three years." However, no evidence of other depositions other than Ryals was introduced. The record also discloses there was no pretrial conference with discovery being complete and the matter ready for trial. The trial judge took the matter under advisement.
On August 10, 1992 he rendered a judgment denying the motion to stay. In his reasons for judgment he stated:
"More than two years later, counsel for Carl E. Woodward, Inc. ask [sic] that this Court stay the proceeding because the contract between the parties calls for arbitration, before litigation, in the event of a dispute.
This Court feels that the parties have waived the right to or prerequisite of arbitration. This case has been before the Court since April 4, 1990. It makes no sense to go back to the beginning and send it to arbitration at this point. Lee v. Blackwell, 286 So.2d 185 (La.App. 4th Cir.1973); Quinn Construction Company v. Savoie, 207 So.2d 229 (La.App. 4th Cir.1968); I.D.C., Inc. v. McCain Winkler Partnership, 396 So.2d 590 (La.App. 3rd Cir.1981)."
It was later, on September 15, 1992, that the trial judge rendered a partial summary judgment in favor of B & S and against Woodward in the amount of $12,188.36, interest and costs.
La.R.S. 9:4202 mandates a stay under the following circumstances:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
The Louisiana Supreme Court set forth the test for determining when there has been a waiver of the right to demand arbitration in Matthews-McCracken Rutland Corp., etc., 414 So.2d 756, 757 (La.1982):
Neither the mere answering of judicial demand nor the mere delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party ... Because of the strong policy favoring the right to demand arbitration, a party's otherwise explainable conduct should be construed against waiver of the right [citations omitted].
The Matthews-McCracken court also explained it was "[o]nly in extreme cases" that courts have found a waiver. It noted at 757 that the Third Circuit had refused arbitration in I.D.C., Inc. v. McCain-Winkler Partnership, 396 So.2d 590 (La.App. 3rd Cir.1981) "when the party filed a reconventional demand and request to set for trial and only requested arbitration the day of trial." The case of I.D.C., Inc. was relied upon by the trial judge in the instant case. It is factually distinguishable. Here the party seeking arbitration did not file a reconventional demand, nor did it request a trial date and then on the day of the requested trial seek arbitration. Instead, the defendant, Woodward, only pled the defenses *351 of set-off and arbitration. Arbitration was pled as a defense in a supplemental answer filed approximately eight months after B & S filed its petition. The record is devoid of any pretrial conference requesting a trial date and indicating discovery had been completed. It was at the time of the filing of the motion for summary judgment by B & S that Woodward again raised this defense. No ruling on the motion for summary judgment had yet been made.
The Matthews-McCracken court also noted that the Third Circuit refused a stay in Sim v. Beauregard Elec. Cooperative, Inc., 322 So.2d 410 (La.App. 3rd Cir.1975) where the party seeking arbitration had been the party filing suit and had "waited 33 months before filing its demand for arbitration on the first day of trial." Matthews-McCracken at 757. The Sim case is also distinguishable from the present case since Woodward is the defendant and it did not wait 33 months nor until the first day of trial to demand arbitration.
The Louisiana Supreme Court further noted in Matthews-McCracken that the contract in that case "did not fix a specific time for demanding arbitration and the question of incorporation of the terms of [the mover's] proposal in the final contract explains some delay in asserting the demand." Id. at 758.
The arbitration provision cited by Woodward in its memorandum in support of the motion to stay does not fix a specific time to demand arbitration. Also, Woodward explained its delay at the hearing through counsel by stating it was awaiting the deposition of Ryals taken May 21, 1991 to confirm Ryals, as president of B & S, was aware the arbitration provision was incorporated in the subcontract between B & S and Woodward. Nevertheless, Woodward had asserted the claim for arbitration approximately two years before B & S filed its motion for partial summary judgment.
We also note that in Matthews-McCracken the party requesting the stay had filed a pre-trial order stating discovery had been completed. 414 So.2d 756, 759, Watson, J. dissenting. The record before us in the present case does not evidence that discovery has been completed.
Although B & S' counsel argued at the hearing it was prejudiced by having taken "extensive depositions", there was no such evidence introduced. B & S made no showing of prejudice.
At the hearing on the motion to stay, the matter was submitted on memoranda. Woodward, as mover, attached to its memorandum the contract documents between the owner, Golden Triangle Holdings, and the contractor, B & S, which contain the arbitration provision. Instead of attaching the subcontract between itself (Woodward) and B & S, it quoted what is purported to be language in that subcontract incorporating the relevant provision of arbitration contained in the prime contract between B & S and the owner. However, in its opposition memorandum B & S disputed the contention that the subcontract contained that provision. Although the portion of Ryals' deposition testimony attached to Woodward's memorandum refers to certain provisions in the subcontract between B & S and Woodward which indicate the incorporation of the prime contract into the subcontract there is no attached subcontract evidencing such incorporation. No subcontract with such a provision was introduced at the hearing. However, the trial judge never reviewed the merits of the right to arbitrate under the contract provisions. He only rendered a ruling based upon his finding that Woodward had waived the right to arbitration. He based this finding on the incorrect assumption Woodward waited more than two years to assert its right to arbitrate. The record discloses Woodward raised that defense approximately eight months after the petition was filed. We follow the Matthews-McCracken holding and conclude the trial judge erred in finding there had been a waiver. See also La.R.S. 9:4202.
The hearing discloses the trial judge never heard the merits of the claim to the right to arbitrate. He also did not review the relevant contract documents in order to make such a determination.
*352 Accordingly, for the reasons stated, the interlocutory ruling of August 10, 1992 denying the motion to stay is reversed and this case is remanded to the trial court for an evidentiary hearing to determine whether there is an agreement in a written contract to arbitrate pursuant to the contract documents. The trial judge is instructed to examine incorporated provisions from the prime contract into the subcontract. Furthermore, the trial judge is to act in accordance with Matthews-McCracken at 757, wherein the court stated:
R.S. 9:4201 and 4202 mandate that an arbitration provision in a written contract shall be valid and enforceable. Once the court finds an agreement to arbitrate and a failure to comply therewith, the court shall order arbitration. Bartley, Inc. v. Jefferson Parish Sch. Bd., 302 So.2d 280 (La.1974). [emphasis in original].
Since this court is reversing the order denying the stay, the judgments rendered herein on September 15, 1992 and December 1, 1992 are vacated. Should the trial judge determine Woodward is entitled to arbitration he is instructed to order that this dispute be submitted to arbitration and that it stay all proceedings in this action pending arbitration.
DENIAL OF STAY REVERSED; JUDGMENTS VACATED; CASE REMANDED WITH INSTRUCTIONS.