| | | |
|---|---|---|
| **MARGARET GAUMNITZ** | * | **NO. 2026-C-0020** |
| | | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | | |
| **GUY ROBERT ORANGIO, M.D.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-03511, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Dale N. Atkins, Judge Rachael D. Johnson)


Richard L. Fewell, Jr.
1315 Cypress Street
West Monroe, Louisiana 71291

      COUNSEL FOR RELATOR

Jeannie C. Prudhomme
ASSISTANT ATTORNEY GENERAL
APPELLATE COUNSEL
LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
556 Jefferson Street, 4th Floor
Lafayette, Louisiana 70501

Benjamin T. Sanders
ASSISTANT ATTORNEY GENERAL
TRIAL COUNSEL
LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
1450 Poydras Street, Suite 900
New Orleans, LA 70112


      COUNSEL FOR RESPONDENT

*RDJ*
*JCL*
*DNA*

Relator, plaintiff Margaret Gaumnitz, seeks review of an October 8, 2025 district court judgment, granting Respondent, defendant Guy Robert Orangio, M.D.'s, Motion to Strike Plaintiff's First Supplemental and Amending Petition. Following the filing of the instant writ application, Respondent moved to dismiss the Relator's application as untimely.

Relator filed a notice of intent on November 17, 2025, more than 30 days after the judgment was rendered. Thus, Relator's writ application is untimely pursuant to La. Code Civ. Proc. art. 1914(B), and Rules 4-2 and 4-3, Uniform Rules of Louisiana Courts of Appeal. *See Matter of Succession of Pierre*, 23-1322, p. 5 (La. App. 1 Cir. 5/31/24), 391 So.3d 686, 689. Nevertheless, we find that the judgment granting a motion to strike is actually a final and appealable judgment because no claims remain pending between the parties.

Article 2083 of the Louisiana Code of Civil Procedure provides that "[a] final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814." Here, the original petition was dismissed as premature on December 29, 2020.

1

Thereafter, the October 8, 2025 judgment struck Relator's first supplemental and amending petition, which was Relator's sole remaining petition.

Louisiana courts have recognized that motions to strike are interlocutory in nature and are generally unappealable when claims remained between the parties. *Cf. State by & through Caldwell v. Teva Pharm. Indus., Ltd.*, 2017-0448, p.16 (La. App. 1 Cir. 2/8/18), 242 So.3d 597, 607. However, no claims remain pending between the parties herein. While La. Code Civ. Proc. art. 1841 defines a "final judgment" as "a judgment that determines that merits in whole or in part," in *Blake v. Blake*, 12-0655, p. 6 (La. App. 4 Cir. 10/31/12), 103 So.3d 683, 68, this Court reasoned that,

> It is axiomatic that a judgment which disposes of all the issues between the parties is final and appealable. *See Bossier's Heirs v. Hollingsworth & Jackson*, 117 La. 221, 41 So. 553 (1906). The Louisiana Supreme Court described such a judgment thus:
>
> > We therefore usually understand by the term 'final judgment' that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders. *Id.*, p. 226, 41 So. at 555.

*Id.*

Applying *Blake*, we find that the October 8, 2025 judgment disposed of all of the issues between the parties and is a final and appealable judgment. For that reason, Relator's writ application is granted for the limited purpose of ordering the district court to consider Relator's notice of intent as a motion for appeal. Respondent's motion to dismiss is denied as moot.

**WRIT GRANTED;**
**MOTION TO DISMISS DENIED**

2