13 So.2d 57

**MIXON v. ZORN.**

**4 Div. 758.**

Court of Appeals of Alabama.

April 13, 1943.

John W. Rish, of Dothan, for appellant.

136

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellee.

SIMPSON, Judge.

This appeal challenges the correctness of an order of the trial court, retaxing the court costs against the defendant (now appellant), Mixon.

Zorn sued Mixon in tort for damages she allegedly suffered in an automobile collision. Mixon pleaded the general issue and also entered a special plea of recoupment. Upon these issues, the jury rendered a verdict against plaintiff Zorn and in favor of defendant Mixon, for one dollar damages on his plea of recoupment. Judgment was accordingly entered in favor of said defendant for the sum of one dollar "and all costs." This was as the statute requires— Code 1940, Title 7, Sec. 357.

The plaintiff, believing that the court costs had been erroneously adjudicated against her, filed a motion to retax the same. Said motion was premised upon the contention that the defendant, by reason of his recovery under his plea of recoupment, was the *plaintiff* within the terms of Section 67, Title 11 of the current code, and was therefore disentitled to an award of more costs than his recovery ($1) in damages.

Following is the pertinent provision of said Section 67, relied upon to sustain the position: "In all actions to recover damages for torts, the *plaintiff* recovers no more costs than damages, where such damages do not exceed twenty dollars," etc.

The trial court entertained this view and accordingly sustained the plaintiff's motion and entered a judgment retaxing the defendant with all the court costs "except cost of $1.00."

■ The appeal seeks to revise this latter judgment and we think it meritorious, and that the learned trial judge erroneously sustained the plaintiff's motion aforesaid. There are other sections of the Code which militate against the correctness of the trial court's order retaxing the costs.

The defendant's recovery in the case was under the provisions of Chapter 9 of Title 7, Sections 350–362 of the Code.

Section 357 stipulates (as pertinent) : "If the claim or demand of the defendant exceeds the claim or demand of the plaintiff, and the plaintiff be the party liable to its satisfaction, judgment must be rendered against him in favor of the defendant for such excess *and all costs.*" (Emphasis supplied.)

This is exactly the situation here. The jury said that the defendant was entitled to one dollar damages in excess of that of the plaintiff. Therefore, the judgment was properly entered for "such excess and all costs," as Section 357 requires.

Then again, there is Section 65 of Title 11 of our Code, which provides that: "The

successful party in all civil actions is entitled to full costs for which judgment must be rendered, unless in cases [as in said Sec. 67, *supra*] otherwise directed by law," etc. (Our interp.) Here the *plaintiff*, Zorn, was the unsuccessful party and the defendant, Mixon, "the successful party and (therefore) is (was) entitled to *full* costs for which judgment *must* be rendered."

It would, we think, be an unwarranted distortion of the cited statutes, and thereby forbid the.defendant the protection thereof, to which he is clearly entitled, to say that he was the "plaintiff" in the suit (and thereby subject to the cost proviso in Section 67) merely because, after being forced into litigation by the plaintiff, Zorn, he, in successfully defending the suit, had recovered upon his plea of recoupment. He still was not the "plaintiff", but was the defendant, seeking to forestall recovery in a civil action by interposing this special defense of recoupment.

The "plaintiff", as used in Section 67, we think, means what it is commonly known to mean, the actor in the suit. The one who invoked the jurisdiction of the court by filing his complaint against the defendant, thereby putting its machinery in motion to redress the alleged grievance.

Words and Phrases, Perm. Ed., vol. 32, p. 603 et seq., annotates the following authorities similarly defining the term "plaintiff": Stark v. Fellman, 174 La. 324, 140 So. 491; Motley, Green & Co. v. Detroit Steel & Spring Co., C.C., 161 F. 389, 393; Burrell v. United States, 9 Cir., 147 F. 44, 46; Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Robinson, 147 Ill. 138, 35 N.E. 168, 173; Martin v. City of Columbus, 101 Ohio St. 1, 127 N.E. 411, 412; Latta v. Wiley, Tex.Civ.App., 92 S.W. 433, 437; Kincaid v. Sharp, 3 Head 151, 154, 40 Tenn. 151, 154.

Apposite discussion is also found in the note on page 1400 of 75 A.L.R.

The order below, retaxing the costs against the defendant, is reversed, set aside, and held for naught, and the original judgment, adjudging the full costs against the plaintiff, is hereby re-instated and ordered to be in full force and effect, upon which execution may issue.

Reversed, rendered, and remanded.